**Keith R. PAYNE, etc., et al.**

v.

**Carl A. ROLLINGS et al.**

**Civ. A. No. 75-0319-R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 1, 1975.

John O. Harper, Mary E. Pierce, Fairfax, Va., for plaintiffs.

Frank B. Miller, III, M. Stuart Bateman, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This matter comes before the Court on motions to dismiss filed by defendants William L. Lukhard and Jack S. Davis.

Plaintiffs, Keith and Ruth Payne, brought this action to redress alleged deprivations of constitutional rights under color of state law. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) [1] in conjunction with 42 U.S.C. §§ 1983 [2], and 1985.

Keith Payne claims that while incarcerated in the juvenile section of the Prince William County Jail, he was victim of an assault and act of sodomy at the hands of an adult prisoner. Allegedly, said injuries were in part the result of defendants' failure to enforce security regulations promulgated by the State Board of Welfare and Institutions and their failure properly to supervise the Prince William County Jail. It is also claimed that defendants knew or should have known of the jail conditions that led to the injuries, yet took no precautionary measures before the fact nor disciplinary action after the fact. Plaintiffs insist that defendants' aforementioned failures to act constitute a breach of duty to plaintiffs for which they should be held liable.

Defendants tender the following reasons why the complaint should be dismissed as against them: 1) failure to state a claim upon which relief can be granted, 2) defendants did not breach any duty owed to plaintiffs under the Constitution or federal law, 3) no federally protected constitutional or statutory rights of plaintiffs have been violated, 4) jurisdiction is barred by the Eleventh Amendment, 5) as employees of the state acting within the scope of their authority, defendants are immune from pecuniary liability, 6) since there are no allegations of personal involvement on the part of defendants plaintiffs cannot recover because vicarious liability is not applicable, and 7) the allegations recite mere conclusions failing to assert facts sufficient to state a claim under the constitution or statutes involved.

■■ The first three contentions argued by defendants can be dealt with together. If there was no duty owed by defendants to plaintiffs then defendants could not have violated plaintiffs' rights by failure to act. A complaint based

---

1. The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) To redress the deprivation, under color of any State law statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . . .. 28 U.S.C. § 1343(3).

2. Every person who, under color of any statute, ordinance, regulation, custom, or usage, 'of any State or Territory, subjects, or causes to be subjected, any citizen of the United States 'or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

upon the same would fail to state a cause of action upon which relief may be granted. After careful review of the relevant state statutes,[3] the Court concludes that defendant Jack S. Davis, as Director of the Department of Corrections, had a general duty to oversee enforcement of laws and regulations governing penal institutions within the Commonwealth and to oversee supervision of the same. Thus, defendant Davis did owe a duty to plaintiff Keith Payne which, if violated in the manner alleged, may have contributed to the injuries said to have been sustained. Upon consideration of the capacity in which defendant owes this duty and the nature of the alleged rights violated,[4] the Court cannot say as a matter of law that the complaint fails to state a cause of action upon which relief can be granted as against defendant Davis.

■ As to defendant William S. Lukhard, the Court comes to the opposite conclusion. At the time of the alleged wrong, defendant Lukhard was Director of the Department of Welfare, and had no enforcement or supervisory duties over the penal institutions of the Commonwealth. *See* Va.Code Ann. § 63.-1-1.1 (1950). Having no statutory duty toward the plaintiffs and absent allegations that he was otherwise involved, defendant's failure to act in no way violated plaintiffs' rights; thus the complaint does not state a claim upon which relief can be granted as to Lukhard. Accordingly, defendant Lukhard's motion to dismiss is granted, the remainder of this opinion focusing on defendant Davis.

■■ Arguments four and five also may be dealt with collectively as they are both disposable by a single case. The former urges that this Court has no jurisdiction because of the Eleventh Amendment and the latter insists defendant is immune from liability as are all state officials in the performance of their duties. The Court perceives the answer to these arguments in *Scheuer v. Rhodes,* 416 U.S. 232, 237, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974):

> [S]ince Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law. Ex parte Young teaches that when a state officer acts [or fails to act] under state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected *in his person* to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States," *Id.* at 159–160, 28 S.Ct. at 454 . . . .

*Scheuer v. Rhodes* goes on to deal specifically with the quality of immunity of state officials relative to 1983 actions:

> It is the existence of reasonable grounds for the belief formed at the time and in the light of all the circumstances, coupled with good-faith belief that affords a basis of qualified immunity of executive officers for acts performed [or failure to perform the same] in the course of official conduct. 416 U.S. 232, 247–248, 94 S.Ct. 1683, 1692.

If a state official's decision to act or to abstain from acting is without reasonable grounds or is in bad faith he indeed may be held liable:

> . . . § 1983 would be drained of meaning were we to hold that the acts of a governor or other high executive officer have "the quality of a supreme

---

3. The Court has reviewed Va.Code Ann. Title 53 (1950, paying particular attention to sections 53–19.8, 53–19.33, 53–133 and 53–169 all of which are quoted in the pleadings.

4. *See* notes 1 and 2, *supra.*

and unchangeable edict, overriding all conflicting rights . . . and unreviewable through the judicial power of the Federal Government." [citations omitted] *Id.* at 248, 94 S.Ct. at 1962.

For the aforementioned reasons the Court concludes the Eleventh Amendment does not preclude jurisdiction over this cause, and the alleged nonfeasance of defendant Davis does not, when viewed on the basis of the allegations in the complaint, fall within the parameters of the qualified immunity attaching to state officials in 1983 actions.

The sixth defense is that "the complaint does not factually allege personal involvement of this defendant and the plaintiff cannot recover on a theory of vicarious liability." The Court agrees with defendant's conclusion as to vicarious liability, but disagrees with his reading of the complaint. That complaint asserts that defendant's failure to oversee enforcement of the laws and regulations and supervision of Prince William County Jail led to plaintiff's injuries. To be sure, this alleged nonfeasance may be characterized as indirect or even remote, but it is nevertheless "personal involvement" which, if found to be true and to have proximately caused or contributed to the injuries claimed, may sustain liability therefor.[5]

Finally, defendant argues the allegations assert mere conclusions, failing to recite facts sufficient to state a claim under the Constitution or statutes involved. To reiterate, the complaint alleges that, due to defendant Davis' breach of duty to ensure that Prince William County Jail was properly regulated and supervised, he is at least in part responsible for conditions which facilitated the alleged injuries. It further charges defendant knew or should have known about these conditions, yet took no action to eliminate them, make redress to plaintiffs, or discipline the personnel directly

responsible. Moreover, plaintiffs' memorandum in opposition to defendants' motion to dismiss states that *"actual facts* involved in this case will lead to the conclusion that defendant Davis had some knowledge of the conditions as they existed in the Prince William County facilities just prior to the vicious attack upon plaintiff. . . ." But defendants point out that no facts have been put forth in support of these conclusory allegations. Although the Court agrees with defendant, it believes that dismissal is too drastic a remedy for this lack of particularity. A motion under Fed.R. Civ.P. 12(e) might cure the vagueness or make clear the absence of liability. Further, in the absence of supporting affidavits permitted by Fed.R.Civ.P. 12 (b)(6) in conjunction with Fed.R.Civ.P. 56(b) the Court cannot dismiss the action against defendant Davis on the present state of the pleadings. For the aforementioned reasons the Court grants the motion to dismiss defendant Lukhard and denies, without prejudice, the motion to dismiss defendant Davis.

An appropriate order shall issue.

5. *See Anderson v. Nosser,* 438 F.2d 183 (5th Cir. 1971); *Richardson v. Snow,* 340 F.Supp. 1261 (D.C.Md.1972).