**Allan Napier DILLON, an infant by his next friend and mother, Mathilde B. DILLON, Plaintiff,**

v.

**DIRECTOR, DEPARTMENT OF CORRECTIONS, et al., Defendants.**

Civ. A. No. 82–0452.

United States District Court,
W.D. Virginia,
Roanoke Division.

Dec. 9, 1982.

Kenneth C. King, Jr., Roanoke, Va., for plaintiff.

Alex E. Conlyn, Asst. Atty. Gen., Richmond, Va., for defendant.

## MEMORANDUM OPINION

DALTON, District Judge.

This matter comes before the court on the motion to dismiss filed by the defendant Director of the Virginia Department of Corrections.

Plaintiff, Allan Napier Dillon, an infant suing by his next friend and mother, Mathilde B. Dillon, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants, Director of the Virginia Department of Corrections, City of Roanoke, Virginia, Sheriff Alvin E. Hudson, Major George McMillan and J.J. Hayes, negligently deprived him of his constitutional rights. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343.

Plaintiff alleges that the defendants' negligent acts caused plaintiff to be the victim of a sexual assault on January 26, 1982, by an adult and two juveniles while plaintiff was incarcerated in the juvenile section of the Roanoke City Jail. As relief, plaintiff seeks both compensatory and punitive damages.

On July 23, 1982, the Director of the Virginia Department of Corrections (Director) filed a motion to dismiss for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). The following reasons are offered in support of this motion: 1) the Director is not responsible for administration and operation of local jails; 2) the Virginia Department of Corrections (VDOC) is charged with operation of state penal facilities and is not responsible for overseeing local jails to insure compliance with state and federal laws relating to

the supervision and care of inmates confined within local jails, except to the extent that the VDOC schedules inspections teams which visit local jails for certification as required by state law; 3) the Director cannot be held liable for isolated incidents of negligence on the part of local jail employees; 4).there is no allegation that the Director had notice of any condition dangerous to plaintiff; and 5) even if the Director had control over local jail employees, he could not be held liable for their actions because *respondeat superior* does not apply to section 1983 suits.

Plaintiff's counsel eventually responded to the Director's motion by filing a memorandum in opposition thereto on December 3, 1982. Plaintiff's position is that the Director's motion to dismiss should be denied because plaintiff's injuries resulted from the Director's negligence in carrying out various statutory and regulatory duties. Specifically, plaintiff contends that the Director was negligent in 1) approving deficient construction designs on the Roanoke City Jail which contributed to plaintiff's injuries; 2) failing to properly supervise the Roanoke City Jail to insure compliance with statutory and regulatory provisions requiring juveniles to be held separately from adults; 3) failing to transfer plaintiff's adult attacker into the state penal system after he was convicted of sexual crimes and had turned eighteen years old; and 4) certifying the Roanoke City Jail as a proper facility to hold juveniles.

■ For the reasons stated in the Director's motion to dismiss, this court is of the opinion that the Director must be dismissed from this action. The Director of the VDOC is not liable for isolated acts of negligence occurring in local jails. *Hitt v. Cox*, Civil Action No. 82–0077–A (E.D.Va. May 27, 1982); *Lewis v. Hutto*, Civil Action No. 81–0894–R (E.D.Va. January 18, 1982); *but see Payne v. Rollings*, 402 F.Supp. 1225 (E.D.Va.1975). And while the Director has a duty "[t]o implement the standards and goals of the Board as formulated for local . . . correctional . . . facilities and lockups;" Va.Code § 53.1–10 (1982 Repl.Vol.),

he has no direct control over city jail employees. The Director, moreover, cannot be held vicariously liable for the negligent acts, if any, committed by employees of the Roanoke City Jail. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977).

■ The Director's motion to dismiss must also be granted because the eleventh amendment bars an award of monetary relief against the Director in his official capacity. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974).

> A suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity. *Alabama v. Pugh*, 438 U.S. 781 [98 S.Ct. 3057, 56 L.Ed.2d 1114]. If the State is named directly in the complaint and has not consented to the suit, it must be dismissed from the action.

*Florida Department of State v. Treasure Salvors, Inc.*, —— U.S. ——, ——, 102 S.Ct. 3304, 3313, 73 L.Ed.2d 1057 (1982). Furthermore, the eleventh amendment also bars suit in federal court where plaintiff does not sue the state in its own name, but the state is the real party in interest. *Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974). The state is the real party in interest when, as here, a suit is brought for monetary relief against state officials in their official capacity. "When the action is in essence one for the recovery of money from the state, the state is the real party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Edelman*, 415 U.S. at 663, 94 S.Ct. at 1355, *citing Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945).

■ Aside from the other defendants, plaintiff brings this action against "Director, Department of Corrections." The Director is not sued by his name, but by his title. As such, "[t]he demand made upon him, is not made personally, but officially

[and] the state itself may be considered as a party on the record." *Governor of Georgia v. Madrazo,* 1 Pet. (26 U.S.) 110, 123–124, 7 L.Ed. 73 (1828).

The eleventh amendment, of course, does not bar all claims against state officials. *See Treasure Salvors, Inc.,* —— U.S. ——, 102 S.Ct. 3304, 73 L.Ed.2d 1057; *Scheuer,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90; *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1921). It "does not bar an action against a state official that is based on a theory that the officer acted beyond the scope of his statutory authority or, if within that authority, that such authority is unconstitutional." —— U.S. at ——, 102 S.Ct. at 3317. However, this exception to the eleventh amendment is inapplicable here because plaintiff does not allege that the Director acted beyond the scope of his statutory authority or that that authority is itself unconstitutional. Plaintiff alleges only that the Director negligently performed his statutory duties to supervise the construction, certification and operation of the Roanoke City Jail. Even assuming *arguendo* that the Director was negligent in the ways that plaintiff contends, the court finds that such negligence would not be sufficient to take the Director's acts outside the scope of his statutory authority. Therefore, plaintiff's claim for monetary relief against the Director in his official capacity is barred by the eleventh amendment.

For the reasons stated above, the Director's motion to dismiss shall be granted in an order to be entered this day.