(No. 40777.—

NELLIE GREGORY *et al.*, Apellants, *vs.* THE COUNTY OF LA-SALLE, Appellee.—(Joan Clarke Baxter *et al.*, Appellants, *vs.* Eva Gladys Warner, Intervenor, Appellee.)

*Opinion filed September 24, 1968.*

JOHN R. FIELDING, of Chicago, for appellants Joan Clarke Baxter *et al.*

ROBERT J. SINON, of Ottawa, (WHITE & SINON, of counsel,) for appellants Nellie Gregory *et al.*

ROBERT E. RICHARDSON, State's Attorney, of Ottawa, (JOSEPH E. LANUTI, of counsel,) for appellee the County of La Salle.

WOLSLEGEL & ARMSTRONG, of Ottawa, (CRAIG M. ARMSTRONG, of counsel,) for appellee Eva Gladys Warner.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This cause was originally commenced in 1960 as a proceeding in the circuit court of La Salle County to recover escheated property, and Joan Clarke Baxter and James Clark claim to have been made parties to that suit as "unknown owners". The trial court entered a decree dismissing the claim of the original plaintiffs, Nellie Gregory and Betsy Alice Clark, and holding that Joan Clarke Baxter and James Clark could not recover because of the limitation provisions of the Escheat Act. The original plaintiffs appealed to the appellate court and Joan Clarke Baxter and James Clark sought leave to file a cross appeal which the appellate court denied without opinion. We have granted leave to appeal from the appellate court's denial of that motion.

An understanding of the legal issues presented requires a detailed recitation of the background of this litigation. Walter Clark died intestate in La Salle County in 1950 leaving a substantial estate and no known heirs. In 1956 Walter Clark's estate was escheated to La Salle County. Thereafter in 1960 Nellie Gregory and Betsy Alice Clark commenced this action under the Illinois Escheat Act (Ill. Rev. Stat. 1959, chap. 49, par. 7), to recover the property, alleging that they were descendants of two first cousins of the decedent. The county of La Salle and "unknown owners" were made parties to that action. Thereafter 21 other claimants filed similar proceedings in the circuit court of La Salle County and these cases were consolidated with this case. In 1963 four additional claimants, including Eva

Gladys Warner, filed their petitions under the Escheat Act in the Federal District Court, alleging jurisdiction on the basis of diversity of citizenship. All parties in the State proceedings were allowed to intervene in the Federal proceeding except for the present appellants who were denied leave to intervene on the ground that the limitations of the Escheat Act had run.

The claimants to the escheated property of Walter Clark involved in these separate proceedings are of three classes. The first, Nellie Clark Gregory and Betsy Alice Clark (plaintiffs in the circuit court), claims through illegitimate children of an aunt of the deceased. The second, Joan Clarke Baxter and James Clark (appellants here), claims through a child of an uncle of decedent. Therefore, the Gregory-Clark claim is through an illegitimate first cousin of decedent, while the Baxter-Clark claim is through another first cousin.

The third class of claimants, including Eva Gladys Warner, intervenor here and one of the plaintiffs in the Federal action, consists of first cousins once removed and their claim is premised upon the theory that neither of the two groups claiming through first cousins were capable of taking.

The issue of the right of the Gregory-Clark group to take is dependent on whether they can inherit through an illegitimate. This question was decided adversely to them in the circuit court, but that decision was reversed by the appellate court in *Gregory* v. *County of LaSalle* (Jan. 1968, Docket 67-5), 91 Ill. App. 2d 290, and the cause remanded, and is now pending.

The impediments to the Baxter-Clark claim are based upon the assertions that they are barred by the Escheat Act and that their rights have been previously adjudicated in both the State and Federal proceedings.

At the time of the death of Walter Clark, section 7 of the Escheat Act (Ill. Rev. Stat., 1949, chap. 49, par. 7,)

allowed a claimant five years after an escheat order in which to file as an heir and claim escheated property. This statute also provided that persons who are infants, or of unsound mind or beyond the limits of the United States, had an additional five years after their disabilities were removed to claim escheated property. This section was amended in 1961 to provide as follows:

"The county treasurer shall keep just and true accounts of all moneys paid into the treasury, and if any person appears within 10 years after the death of the intestate and claims any money paid into the treasury as aforesaid as his, on legal representation such person may file a petition in chancery in the circuit court of such county, stating the nature of his claim and praying such money may be paid to him; * * * And if any person appears and claims any lands vested in the county as aforesaid, within 5 years after the judgment was rendered, such person * * * may file his petition in chancery in the circuit court of such county in which the lands claimed lie, setting forth the nature of his claim and praying that the lands be relinquished to him; * * * And all persons who fail to appear and file their petitions within the times limited, aforesaid, shall be forever barred, saving, however, to infants and persons of unsound mind the right to appear and file their petition as aforesaid, at any time within 5 years after their respective disabilities are removed: * * *.

"All persons beyond the limits of the United States, as to whom a right to petition under this Section is otherwise barred by this amendatory Act of 1961 or will be barred within one year after the effective date of this amendatory Act of 1961, may file a petition pursuant to this Section at any time within two years after such effective date. As amended by act approved August 21, 1961." Ill. Rev. Stat. 1961, chap. 49, par. 7.

The effect of this amendment of 1961 was to establish a two-year limitation period as to persons living beyond the

limits of the United States, as did Baxter and James Clark.

The Gregory-Clark petition to recover escheated property was timely filed in 1960, and the complaint and the counterclaim of the county of La Salle joined "unknown owners" and "unknown heirs or devisees of Walter Clark, deceased." Publication for "unknown owners" was duly made, but no appearances were filed.

The Federal court proceeding was instituted by Eva Gladys Warner in 1963 during the pendency of the State proceeding but before any hearing had been held.

In September, 1965, plaintiffs in the State proceeding (Gregory-Clark) joined with Baxter and Clark in seeking leave to intervene in the Federal proceeding as a matter of right, contending that their legal interests and rights would be prejudiced and adversely affected. This motion was denied as to Baxter and Clark on December 13, 1965, on the ground that their claim was barred by the statute of limitations and that they had no claim on file against the county in any other proceedings. No appeal was taken from this order.

In January, 1966, the other 21 claimants in the State court intervened and were aligned as plaintiffs together with Eva Gladys Warner and the other three Federal court plaintiffs.

It was only after the denial of their motion to intervene that Baxter and Clark sought to present their claim to the State courts, first in February, 1966, by plaintiffs Gregory and Clark seeking to amend, setting forth the interest of Baxter and Clark and naming them as defendants, and next on March 11, 1966, by a motion of the guardian *ad litem* for unknown owners for leave to file an answer and cross-complaint on behalf of Baxter and Clark. Both motions were denied and thereafter the circuit court, on April 29, 1966, dismissed the claims of the plaintiffs, Gregory and Clark. Plaintiffs appealed to this court and we transferred the cause to the appellate court because of an ab-

sence of a constitutional question justifying direct appeal.

Thereafter, in February, 1967, Baxter and Clark filed their petition for leave to file a cross appeal which was denied without opinion.

We hold that the appellate court was correct in denying the petition.

We are of the opinion that the denial of the prior motion to intervene by the Federal court amounted to a conclusive adjudication of their rights to the escheated property and even if erroneous could not be collaterally attacked in the State proceeding. No question of supremacy of the Federal and State courts is involved, since in this case, proceeding under diversity jurisdiction, the Federal court is in effect another court of the State. *Angel* v. *Bullington,* 330 U.S. 183, 91 L. Ed. 832.

While we think that the parties could have immediately appealed the denial of the motion to intervene (*Sutphen Estates, Inc.* v. *United States,* 342 U.S. 19, 96 L. Ed. 19, 21, 72 S. Ct. 14; *Union Central Life Insurance Co.* v. *Hamilton Steel Products, Inc.* (7th cir.), 374 F.2d 820), the Federal court proceeding has now terminated in a final order entered on July 16, 1968, holding that the plaintiffs therein were entitled to the proceeds from the escheated property. Under the most basic fundamentals of *res adjudicata* such a holding by a court having jurisdiction of the subject matter is conclusive as to all parties to the proceeding as to their interests in the escheated property. (*City of Peoria* v. *Peoria City Lines, Inc.,* 24 Ill.2d 457; *Chamblin* v. *Chamblin,* 362 Ill. 588.) This doctrine applies not only to all matters which were decided but also to those matters which might properly have been decided.

The question of the rights of Joan Clarke Baxter and James Clark, the petitioners-appellants here, was properly presented to the Federal District Court by their motion to intervene in the proceeding to set aside the escheat in which they fully set forth their claims. This motion was denied on

the ground that their claim was made too late under Illinois law.

Thereafter Baxter and Clark sought to present the same claims to the State court in this proceeding. Because of the prior adjudication by the Federal court, they had no right to do so at either the trial or appellate level. It, therefore, follows that the appellate court was correct in denying leave to file a cross appeal, and the judgment of the Appellate Court of Illinois, Third District, is affirmed.

*Judgment affirmed.*