HOMER C. PARKHILL, M.D., Plaintiff-Appellee, *v.* ILLINOIS CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellants.

Fourth District   No. 14622

Opinion filed March 31, 1978.

William J. Scott, Attorney General, of Chicago (Gregory G. Lawton, Assistant Attorney General, of counsel), for appellants.

Smith, Loy & Hirst, of Pontiac (Ronald V. Hirst, of counsel), for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendants Illinois Civil Service Commission and Illinois Department of Corrections appeal the order of the circuit court of Livingston County reversing the order of defendant Civil Service Commission discharging plaintiff Homer C. Parkhill from his position as a part-time physician with defendant Department of Corrections.

The dismissal was ordered pursuant to the Department's allegations that, after repeated oral and written warnings, plaintiff had failed to fulfill the Department's requirement that he remain at the Pontiac Correctional Center to be available for consultation for the full two-hour periods from 8 a.m. to 10 a.m. each Monday and Wednesday and every other Friday. Another charge made by the Department was found by the Commission

to be without merit. The trial court concluded that the Commission's finding that plaintiff, after repeated warnings, had failed to remain at the correctional center for the required time was proper but that, considering plaintiff's otherwise outstanding service, cause for dismissal was not present. The trial court remanded for determination of appropriate sanction.

The evidence indicated that plaintiff had in fact rendered services to the facility for many years and that these services had been otherwise highly meritorious. In addition to his regularly scheduled appearances, he had been subject to call at all hours and had answered those calls. The evidence also showed, however, that plaintiff habitually left the center on his regularly scheduled visits soon after it appeared to him that all of the inmates who wished to go on sick call had an opportunity to do so. Usually this occurred well before 10 a.m. During the period from September 3, 1975, through October 10, 1975, and after an assistant warden had several times directed plaintiff that he remain for the full two-hour period, plaintiff left early 15 consecutive times, never staying later than 9:10 a.m.

Plaintiff's contention is that it would have been useless and a waste of his professional time for him to have remained when there was no work for him to do. The Department's contention is that plaintiff was required to remain for the hours called for by the schedule and for which he was paid because occasionally some prisoners might be delayed in being brought to sick call and would not arrive until after plaintiff had left.

■■ ■ Section 11 of the Personnel Code prohibits discharge of employees such as plaintiff except for "cause." (Ill. Rev. Stat. 1975, ch. 127, par. 63b111.) Although that term is not defined in the Code, the courts of this State have construed it to be some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public policy recognize as good cause for his no longer holding the position. (*Hardaway v. Civil Service Com.* (1977), 52 Ill. App. 3d 494, 367 N.E.2d 778; *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 361 N.E.2d 782; *Kreiser v. Police Board* (1976), 40 Ill. App. 3d 436, 352 N.E.2d 389, *aff'd and remanded* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.) Such shortcoming need not be directly connected with the performance of the work; however, it must not be trivial, arbitrary or unreasonable. *Hardaway.*

In *Fornuto v. Police Board* (1976), 38 Ill. App. 3d 950, 349 N.E.2d 521, plaintiff's violation of a police department regulation requiring that he carry his official service revolver was found insufficient to warrant his discharge. In *Caliendo v. Goodrich* (1976), 34 Ill. App. 3d 1072, 340 N.E.2d 560, the circuit court's upholding of a policeman's discharge was reversed where the appellate court ruled his use of his service revolver in self defense while off duty would not support his discharge.

Plaintiff here relies heavily upon the appellate court's decision in *Kreiser*. There, although affirming the findings of the Chicago Police Board that a policeman had (1) operated a vehicle not properly licensed, (2) failed to obey an order of a superior, (3) made a false statement to a superior, and (4) left a duty assignment without being properly relieved and without properly logging out, the court ruled that these findings failed to constitute cause for his discharge. That court noted, in reaching its decision, that plaintiff possessed a satisfactory record for almost six years of service with the department. Later, the supreme court affirmed the appellate court's decision (69 Ill. 2d 27, 370 N.E.2d 511), remanding, however, to the Board for consideration as to what other disciplinary action, if any, should be taken.

We find the facts of the instant case unlike those in *Kreiser*, but similar to those in *Epstein* and *Hardaway*. In *Epstein*, the discharge of a State hospital psychologist was upheld where the evidence showed plaintiff was insubordinate and refused to attend weekly and monthly meetings as required by his superiors. In *Hardaway*, a supervisor at a State hospital was ruled properly discharged on the finding of her sleeping while on duty, the court stressing the importance of discipline at work and the need for smooth operation of the employing institution.

We understand the reluctance of a busy physician, who likely has many patients waiting for him elsewhere, to stay at the correction center after he thought that he had tended to all persons who would need his services there. However, the prerogative to determine reasonable hours of employment remains in the employer. If the Department deemed the two-hour period necessary, it had the prerogative to require compliance as a condition of employment. The essence of the cause for plaintiff's discharge is his repeated failure after warning to comply with the requirement of his employment. The Commission could have concluded that plaintiff was refusing to stay the full two-hour period. Such a refusal would clearly be detrimental to the discipline and efficiency of the Department.

The Department may have difficulty in finding another physician who will render the services that plaintiff has but it must be permitted to enforce reasonable rules as to working hours of its employees. If plaintiff did not wish to follow these rules, he should have resigned.

The ruling of the Commission was not contrary to the manifest weight of the evidence and was supported by the law. We reverse the order of the trial court and affirm the order of the Commission.

Circuit court reversed, Civil Service Commission affirmed.

REARDON and TRAPP, JJ., concur.