David N. BROOK

v.

**Dick THORNBURGH, Howard A. Cohen, Carl Wilson, Murray S. Dolfman, John J. Newett, Florence Hunt and Commonwealth of Pennsylvania Department of Revenue.**

Civ. A. No. 80–2117.

United States District Court,
E. D. Pennsylvania.

Sept. 26, 1980.

Steven R. Sosnov, Norristown, Pa., for plaintiff.

John O. J. Shellenberger, Deputy Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiff claims that he was discharged as an attorney examiner II at the Pennsylvania Department of Revenue solely because of his political sponsorship by and affiliation with the Democratic party, in violation of the first and fourteenth amendments to the United States Constitution. His suit was brought under 42 U.S.C. §§ 1983 and 1985 against Pennsylvania Governor Thornburgh, Pennsylvania Secretary of Revenue Cohen, four Pennsylvania Department of Revenue employees, and the Department of Revenue itself.

The defendants move to dismiss on two grounds: that all claims against all defendants are barred by the eleventh amendment, and that the complaint fails to allege the personal involvement of any defendant in the violation of plaintiff's civil rights.

1. *Eleventh Amendment Argument*

The defendant argues that the eleventh amendment bars suit for the relief claimed (reinstatement and back pay) because such relief would require the defendants to act in their official capacities, and thus would in essence be a suit against the Commonwealth.

The defendants are correct that the eleventh amendment bars suit directly against the State, or in this case, the Department of Revenue, an administrative department of the Commonwealth of Pennsylvania. The eleventh amendment bars unconsented suits against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). They are also correct that the claim for back pay against the Commonwealth or against the individual defendants in their official capacities is barred by the eleventh amendment. The Supreme Court in *Edelman* held that retrospective monetary relief requiring payment out of the state treasury is barred by the eleventh amendment.

However, the eleventh amendment does not bar either an order for reinstatement or an order for back pay against the defendants as individuals. *Edelman* clearly distinguished between retrospective monetary relief coming out of the public fisc—which is barred—and prospective injunctive relief even though it may incidentally require expenditures by the state—which is not barred.

Under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), state officials can be enjoined from inflicting unconstitutional deprivations on individuals. Here plaintiff claims that the defendant state officials unconstitutionally deprived him of his job. An unconstitutional refusal by a state official to reinstate a wrongfully fired employee is a continuing constitutional violation. *Sarteschi v. Burlein*, 508 F.2d 110 (3d Cir. 1975). The injunctive relief available under *Ex parte Young* and its progeny includes reinstatement. *Sarteschi, supra; see also Skehan v. Board of Trustees of Bloomsburg State College*, 590 F.2d 470 (3d

Cir. 1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979). The fact that an order of reinstatement will require defendant state officials to take official action in restoring plaintiff to his job does not violate the eleventh amendment. Under *Ex parte Young, Edelman* and *Sarteschi*, such an order would be legitimate prospective relief preventing future unconstitutional conduct by the defendants. *See also Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (eleventh amendment does not bar order directing state official to send explanatory notices to class members advising them of their rights under a state welfare program); *Halderman v. Pennhurst State School and Hosp.*, 612 F.2d 84 (3d Cir. 1979), *cert. granted*, —— U.S. ——, 100 S.Ct. 2984, 64 L.Ed.2d 853 (1980) (order directing state officials to move mental patients from state hospital to less restrictive treatment programs where appropriate permissible under eleventh amendment).

■ In addition, the individual defendants here could be held personally liable for back pay or other retrospective monetary relief if unconstitutional conduct by them is shown by plaintiff. Their liability for such relief would be subject to the defense of good faith set forth in *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). That issue has not been raised by either side on this motion, however, and we need not meet it at this time.

### 2. *Specificity of Pleading*

■ Defendant argues that even the claims against the defendants as individuals should be dismissed because the complaint does not allege with sufficient specificity the personal involvement of each defendant in the unconstitutional acts. The complaint alleges that all the individual defendants participated in an unconstitutional effort to drive Democratically affiliated and sponsored employees, including plaintiff, from their state jobs by trying to humiliate, embarrass, harass, and destroy the professional reputations of such employees. Paragraph 18 of the complaint specifies the tactics used by the defendants as including institution of temporary arbitrary prohibitions on outside work, elimination of office space and telephone service, unwarranted reduction of performance ratings, refusal to reimburse plaintiff for travel expenses, interference with job performance, and threats to terminate plaintiff. The complaint further alleges that the purported abolition of plaintiff's job was a sham and his work is now being performed by a Republican patronage employee.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth a short and plain statement showing plaintiff's entitlement to his claim for relief. A pleading is sufficient if it gives fair notice of the claim to the opposing party. 2A Moore's Federal Practice, ¶ 8.13, at 8–103 (2d ed. 1948). While the complaint does not specify which defendant took which specific action, it does put all the defendants on notice as to those actions in which they are all accused of participation. *See Hall v. Pennsylvania State Police*, 570 F.2d 86 (3d Cir. 1978) (complaint alleging conduct violating the Constitution, the time of violation, and listing the responsible officials was deemed sufficiently specific).

·The complaint does not simply set forth conclusory allegations that plaintiff was denied first amendment rights without stating how he was so deprived. *Cf. Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967) (broad conclusory allegations insufficient in civil rights actions in the Third Circuit).

Defendants' citation of *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) and *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in support of their pleading argument is also flawed. *Rizzo* and *Monell* protect cities from *respondeat superior* liability for § 1983 claims. In this case, personal involvement on the part of all defendants has been alleged. The plaintiff does not claim any defendant is liable simply because that defendant employed persons responsible for the alleged unconstitutional deprivation.

Under federal notice pleading, this complaint is sufficient. Defendants will have ample opportunity to develop by deposition or interrogatories, or both, whatever fuller exposition of plaintiff's claim they require for their defense. The defendants' motion to dismiss will be denied except as it relates to the Commonwealth of Pennsylvania Department of Revenue.