**Edward William BENNETT, Plaintiff,**

v.

**Amos E. REED, Secretary of North Carolina Dept. of Corrections, and The North Carolina Dept. of Corrections, Defendants.**

**No. 80–340–CRT.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Sept. 23, 1981.

---

Edward William Bennett, pro se.

Rufus L. Edmisten, Atty. Gen. of N. C. by Jacob L. Safron, Sp. Deputy Atty. Gen., Raleigh, N. C., for defendants.

## ORDER

LARKINS, Senior District Judge:

This is a prisoner petition filed by state court inmate Edward Bennett pursuant to 42 U.S.C. § 1983 seeking three million dollars damages and injunctive relief—asking that the entire North Carolina Prison System be turned over to the control of the United States Government—for alleged violations of plaintiff's constitutional rights. Specifically, plaintiff complains that officials at the Moore County Prison Unit where he is housed have forced him to work on the road crew at hard labor, despite the fact that they are aware that plaintiff has back problems. Further, plaintiff complains that there is not a qualified nurse on twenty-four hour duty at the Moore County Unit.

Defendants have filed motions to dismiss and for summary judgment, supported by the sworn affidavits of defendant Reed, Superintendent Marion of the Moore County Unit, and Nurse Bryant of the same unit. Plaintiff filed an "Affidavit In Reply To Defendants' Summary Judgment Motion" on August 19, 1980 and a motion for a preliminary hearing on defendants' motions to dismiss and for summary judgment.

No further motions having been filed, this Court will now consider and rule upon plaintiff's motion for an oral hearing and defendants' motions to dismiss and for summary judgment. After careful independent review of the pleadings herein, including defendants' motions to dismiss and for summary judgment, plaintiff's response entitled "Affidavit In Reply To Defendant's Summary Judgment Motion" and plaintiff's motion for a preliminary hearing, IT IS THE OPINION OF THIS COURT THAT PLAINTIFF'S MOTION FOR A PRELIMINARY HEARING BE DENIED AND DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT BE GRANTED.

## I. PROPER DEFENDANTS

The first issue is whether defendant, the North Carolina Department of Corrections, is subject to suit under 42 U.S.C. § 1983. As to the North Carolina Department of Corrections, this action is barred by the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The Eleventh Amendment proscribes suits brought in Federal Court against a state by a citizen, absent the state's waiver or consent. The Department of Corrections is not a "person" within the meaning of the State of North Carolina and, therefore, shares the state's sovereign immunity. *Sykes v. State of California*, 497 F.2d 197 (9th Cir. 1974).

The Eleventh Amendment, however, does not bar plaintiff's relief against defendant Reed in his official capacity as Secretary of Department of Corrections as to injunctive relief, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); nor does it bar a damage award against defendant Reed when he is sued in his *individual capacity* for intentional deprivation of constitutional rights under color of state law. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This Court, therefore, will consider plaintiff's claims on their merits as against defendant Reed.

## II. PRELIMINARY HEARING

Plaintiff has filed a request for oral hearing on defendant's motions. Such a request is within the discretion of the court in accordance with Local Rule 4.07: Hearings on Motions, which states: "Hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions shall be determined without a hearing." *Local Rules of Practice and Procedure, U. S. District Court, Eastern District of North Carolina, October 1, 1980.* Because oral presentation on defendants' motions would not aid the disposition of this matter, plaintiff's motion for a hearing on defendants' motions to dismiss and for summary judgment are hereby denied.

## III. CONCLUSIONS OF LAW

Plaintiff claims that his constitutional rights have been violated and monetary and

injunctive relief should be granted pursuant to 42 U.S.C. § 1983 because: (1) he was forced to work on the road crew despite his bad back; and (2) a qualified nurse was not on duty at the Moore County Unit, plaintiff's place of incarceration, twenty-four hours a day. Defendants subsequently filed motions to dismiss and for summary judgment with accompanying affidavits. This Court will consider the motions as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, and rule accordingly.

Summary judgment should be entered only when the pleadings, depositions, affidavits, and admissions filed in the case show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c). This rule authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is... *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing upon such a motion, the court is required to view the facts in the light most favorable to the party opposing the motion and to give that party the benefit of all reasonable inferences to be drawn by the underlying facts. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

### A. *Back Problem.*

Concerning plaintiff's allegation that he was forced to work on the road crew despite a bad back, plaintiff claims the prison officials failed to give plaintiff proper medical attention and was aware of his bad back but required him to work on the road crew. In determining whether a prisoner has received adequate medical treatment, this Court is entitled to rely on the affidavits of medical personnel and prison medical records kept in the ordinary course of operation. *Cates v. Ciccone*, 422 F.2d 926 (8th Cir. 1970); *Ross v. Bounds*, 373 F.Supp. 450 (E.D.N.C.1974).

Affidavits have been filed by Amos E. Reed, the Secretary of the North Carolina Department of Corrections at the time of the alleged constitutional violations and Bruce E. Marion, Superintendent of the Moore County Subsidary at which plaintiff is housed. Mr. Reed testified that he was not personally familiar with plaintiff's case but that if plaintiff had a medical problem he should bring it to the attention of the medical personnel at the facility he is housed. Mr. Marion testified that upon arrival at the Moore County facility, plaintiff was assigned to the road crew on February 18, 1980, because his records indicated that he was in "A" grade health. Plaintiff did not work every week, four or five days per week, but only worked on the road on nine occasions during the month of May, 1980, and four days between June 1 and June 27, 1980.

In order to recover for a denial of medical treatment, plaintiff must show a claim of "deliberate indifference" to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh. denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). Clara Bryant, R.N., Unit Nurse at the Moore County Unit, testified by affidavit that plaintiff came to the Unit on February 14, 1980. She stated he signed up for sick call and was seen by her on May 13, 1980 and June 4, 1980. On May 13, 1980, he was given Vitamin C capsules. He was on no medication and at no time since he has been housed at the Moore County Unit has plaintiff complained to her of having any back problem. Bryant concluded that plaintiff came to the unit in "A" grade health.

It is clear from the foregoing affidavits that Secretary Reed did not show "deliberate indifference" to plaintiff's medical needs. The entire record reveals that he fulfilled his obligation to provide prisoners with access to trained medical personnel. In addition, the affidavits of Bryant and Marion illustrate that plaintiff failed to inform them of his condition and that because he was in "A" grade health, his work on the road was not harsh.

■ In considering these affidavits, there exists no question of fact as regards to plaintiff's physical condition and ability to perform the limited road work. The medical records specify that plaintiff's physical condition was grade "A". He therefore was physically able to perform the limited road work required. Because it appears from the entire record that the prison medical authorities have made a sincere and reasonable effort to handle plaintiff's medical problems, plaintiff's constitutional rights have not been violated pursuant to 42 U.S.C. § 1983. *Startz v. Cullen*, 468 F.2d 560 (2d Cir. 1972). Therefore, defendants' motion for summary judgment as to this claim is granted.

### B. *Nursing Requirement.*

■ Plaintiff also claims that his constitutional rights have been violated because there is not a qualified nurse on 24 hour duty at his unit, thus, relief is warranted pursuant to 42 U.S.C. § 1983. This Court disagrees. In determining whether a prisoner has received adequate medical treatment, this Court is entitled to rely on the affidavits of medical personnel . . . *Cates v. Ciccone, supra.* In her affidavit, Nurse Bryant testified that she is available at the Moore Unit from 9:00 a. m. until 2:00 p. m. every Monday through Thursday and that she is generally available at any time for emergencies. She further testified that plaintiff saw her on two occasions but neither time did he complain of back problems.

The procedure established in Department of Corrections, Physical Examinations and Outpatient Health Records section # .0202, does not require the nurse to be on duty at the Unit 24 hours per day. Since the prison is not required to furnish all forms of non-emergency medical treatment by a physician without delay, plaintiff's claim is without merit.

■ Furthermore, if it appears from the record that the prison medical authorities have made a sincere and reasonable effort to handle the prisoner's medical problems, the prisoner's constitutional rights have not been violated. *Startz v. Cullen, supra.* The record indicates that plaintiff was treated by Nurse Bryant on two occasions, May 13, 1980 and June 4, 1980 and was given Vitamin C capsules on May 13. At no time did plaintiff inform Bryant of his alleged back problem. Although plaintiff had ample opportunity to see Bryant during her regular hours and to inform her of his alleged back ailment, he failed to do so. Therefore, plaintiff's claim that his constitutional rights were violated because Bryant was not on duty 24 hours per day is without merit.

## IV. DAMAGES AND INJUNCTIVE RELIEF

■ Plaintiff may only recover damages from an individual defendant named in his complaint. In this case, Amos E. Reed is the only individual named in plaintiff's complaint. Plaintiff may only recover punitive damages if plaintiff shows that defendant Reed acted with malice or with willful intent to deprive plaintiff of his constitutional rights. *Sexton v. Gibbs*, 327 F.Supp. 134 (N.D.Tex.), *aff'd.*, 446 F.2d 904 (5th Cir. 1970), *cert. denied*, 404 U.S. 1062, 92 S.Ct. 733, 30 L.Ed.2d 751 (1972). Because plaintiff presents no evidence in the record to support a conclusion that defendant Reed acted with malice, his claim for punitive damages is denied.

■ Plaintiff is also not entitled to compensatory damages where defendant Reed acted reasonably and in good faith. *See Procunier v. Naverette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). The record reveals that defendant Reed was only obligated to provide prisoners with access to trained medical personnel. He fulfilled his obligation by providing the Moore County Unit with Nurse Bryant. She kept regular hours and was available most of the time. Prisoners, including plaintiff, enjoy free access to Bryant's services. Because the record fails to show that defendant did not act in good faith, plaintiff's claim for compensatory damages is denied.

Injunctive relief may be granted only upon plaintiff's proof of constitutional violations. *See Bolding v. Holshouser*, 575

F.2d 461 (4th Cir.), *cert. denied*, 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978); *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). As previously discussed, this Court has found that none of plaintiff's constitutional rights have been violated. Therefore, plaintiff's claim for injunctive relief is denied.

## ORDER

Based upon the foregoing opinion, IT IS THEREFORE ORDERED THAT PLAINTIFF'S CLAIMS FOR MONETARY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 FOR ALLEGED CONSTITUTIONAL VIOLATIONS IS DENIED AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS GRANTED.