564 F.Supp. 1215 (1983)
Leigh F. McADOO, Plaintiff,
v.
Michael V. LANE, Harold Thomas, Michael Craft, Anthony Scillia, Lemuel Sykes, Defendants.
No. 83 C 0013.
United States District Court, N.D. Illinois, E.D.
May 13, 1983.
*1216 *1217 Daniel Galatzer, Chicago, Ill., for plaintiff.
Jeffrey W. Finke, Asst. Atty. Gen., Chicago, Ill., for defendants.

MEMORANDUM OPINION
PRENTICE H. MARSHALL, District Judge.
In this case, plaintiff seeks relief for a deprivation of his constitutional rights under 42 U.S.C. § 1983 (Supp. IV 1980). Plaintiff was a parole officer for the Illinois Department of Corrections. He alleges that defendants, all officials of the department, "engaged in a course of conduct designed to harass, humiliate and frustrate the plaintiff in the performance of his job duties." Complaint ¶ 10. This was "done in a deliberate and calculated effort to remove the plaintiff from his position by forcing him to resign and thereby making the protections of the personnel code unavailable to him." Id. ¶ 12. As a result plaintiff suffered anxiety, stress, and eventually went on disability status at substantially reduced pay. Id. ¶¶ 14-15. Plaintiff claims that this course of conduct deprived him of property without due process of law, in violation of U.S. Const.amend. XIV. Defendants have moved to dismiss the complaint.
Defendants' first argument is that the eleventh amendment bars this action.[1] Defendants rely principally on Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), where the Court held that an action seeking to have the director of the Illinois Department of Public Aid pay welfare recipients funds that had been wrongfully withheld from them was barred by the eleventh amendment. Although the suit was brought not against the state, but the director, the Court nevertheless held that the amendment applied because in substance the suit challenged the actions of the state and the judgment would be paid by the state. "[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." Id. at 663, 94 S.Ct. at 1356.
Defendants argue that Edelman governs this case since the state must pay a judgment against them under Illinois law, which provides that a state employee will be indemnified by the state for any judgment against him or her unless the employee engaged in intentional, willful or wanton conduct not intended to serve the best interests of the state, Ill.Rev.Stat. ch. 127, ¶ 1302(c) (1981).[2] There are some courts that would hold that the fact that a judgment will be paid from state funds, without *1218 more, raises the bar of the eleventh amendment.[3] However, the great weight of authority is to the contrary. In Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Court held that when a state official violates the Constitution, the official is stripped of his eleventh amendment immunity since he has engaged in conduct that is beyond the constitutional power of the state to authorize. See id. at 159-60, 28 S.Ct. at 453-54. The holding of Ex parte Young was specifically applied to actions for damages against state officials in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court observed that,
Fairly read, the complaints allege that each of the named defendants ... acted either outside the scope of his respective office or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of office.
Id. at 235, 94 S.Ct. at 1686. The Court then held that given these allegations, "we see that petitioners allege facts that demonstrate that they are seeking to impose individual and personal liability on the named defendants for what they claim ... was a deprivation of federal rights ...." Id. at 238, 94 S.Ct. at 1687 (emphasis in original). As a result, the Court held that the action was not barred by the eleventh amendment. See id.
Following Scheuer, a long line of cases has held that where it is alleged that defendants deprived the plaintiff of federal rights while acting beyond their authority or while abusing their authority, the eleventh amendment permits an action to be maintained against individual state officers.[4] In such cases, the action seeks to hold the officials personally liable; no judgment is sought against the state.[5] This *1219 principle was restated only last Term by Justice Stevens, speaking for four members of the Court.
[T]he Eleventh Amendment does not bar an action against a state official that is based on a theory that the officer acted beyond the scope of his statutory authority or, if within that authority, that such authority is unconstitutional. In such an action, however, the Amendment places a limit on the relief that may be obtained by the plaintiff. If the action is allowed to proceed against the officer only because he acted without proper authority, the judgment may not compel the State to use its funds to compensate the plaintiff for the injury.
Florida Department of State v. Treasure Salvors, Inc., ___ U.S. ___, 102 S.Ct. 3304, 3317, 73 L.Ed.2d 1057 (1982) (opinion of Stevens, J.).[6]See also Cory v. White, 457 U.S. 85, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982); Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 462, 65 S.Ct. 347, 349-50, 89 L.Ed. 389 (1945).[7]
Fairly read, the instant complaint alleges a course of harassment either outside the lawful scope of defendants' authority or that resulted from a gross abuse of their authority, and which deprived plaintiff of a federal right. This falls squarely under Scheuer. Plaintiff seeks to hold defendants liable for their personal conduct only; no judgment is sought against the state.
The Illinois indemnity statute does not alter this conclusion. The statute represents a voluntary decision by Illinois to indemnify defendants. If plaintiffs obtain a judgment against defendants, under the eleventh amendment that judgment will bind defendants only. The eleventh amendment requires only that nothing in this court's judgment compel the state to pay the judgment. If defendants seek to compel the state to indemnify them, they will have to file a separate action in state court; nothing in our judgment would bind the state. Since the indemnity statute is enforceable against the state if at all in state court, and since our judgment will in no way compel the state to indemnify plaintiffs, this action is not against the state within the meaning of the eleventh amendment; it is brought only against named individuals and hence is not barred by the amendment. Every court to consider the effect of such indemnity statutes under the eleventh amendment has reached the same conclusion. See Ronwin v. Shapiro, 657 F.2d 1071, 1074-75 (9th Cir.1981); Downing v. Williams, 624 F.2d 612, 626 (5th Cir.1980), vacated on other grounds, 645 F.2d 1226 (1981); Huecker v. Milburn, 538 F.2d 1241, 1244-45 & n. 8 (6th Cir.1976) (dictum); Palmer v. Penn-Ohio Road Materials, Inc., 470 F.Supp. 1199, 1202-03 (E.D.Pa.1979); Broome v. Percy, 470 F.Supp. 633, 635-36 (E.D.Wis.1979); Ware v. Percy, 468 F.Supp. 1266, 1268 (E.D.Wis.1979).[8]But see generally *1220 Hallmark Clinic v. North Carolina Department of Human Resources, 380 F.Supp. 1153, 1159-60 (E.D.N.C.1974) (discussing but not deciding the question).[9]
Defendants' second argument is that this action is precluded by the decision of the Illinois Department of Human Rights dismissing a complaint plaintiff filed regarding the misconduct alleged here. Defendants contend that the department decided the same issue presented here against plaintiff, and that its decision precludes plaintiff's attempt to relitigate this question here.
Under 28 U.S.C. § 1738 (1976), we must give the decision of the Illinois Department of Human Rights the same preclusive effect as it would receive in Illinois state courts. See generally Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).[10] Under Illinois law, issue preclusion, or collateral estoppel, applies only to issues that were actually decided in the prior litigation. E.g., People v. Bone, 82 Ill.2d 282, 45 Ill.Dec. 93, 412 N.E.2d 444 (1980), cert. denied, 454 U.S. 839, 102 S.Ct. 145, 70 L.Ed.2d 120 (1981); Department of Transportation v. Shaw, 68 Ill.2d 342, 347-48, 12 Ill.Dec. 177, 179, 369 N.E.2d 884, 886 (1977); Smith v. Bishop, 26 Ill.2d 434, 436-37, 187 N.E.2d 217, 218-19 (1963). Illinois law also sharply limits the jurisdiction of the Department of Human Rights. The department has jurisdiction to investigate and dispose of charges filed pursuant to the Illinois Human Rights Act. Ill.Rev.Stat. ch. 68, ¶ 7-102(B) (1981). The act prohibits "unlawful discrimination" in employment. Id. ¶ 2-102. Moreover,
"Unlawful discrimination" means discrimination against a person because of his or her race, color, religion, national origin, ancestry, age, sex, marital status, handicap or unfavorable discharge from military service ....
Id. ¶ 1-103(Q). Plaintiff's complaint here is that defendants engaged in a course of harassment that deprived him of property without due process of law. None of the types of discrimination covered by the act is alleged. Hence, the department did not have jurisdiction to consider the issue plaintiff raises here, and could not have decided it against him. The department's decision in plaintiff's case in no way precludes the instant action.[11]
*1221 Defendants' third argument is that the complaint does not state a claim under the due process clause. There are four elements of a due process claim under § 1983: A (1) person acting under color of state law (2) deprived plaintiff (3) of constitutionally protected property (4) without due process of law. See Parratt v. Taylor, 451 U.S. 527, 536-37, 101 S.Ct. 1908, 1913-14, 68 L.Ed.2d 420 (1981). Defendants concede the first element is alleged here but contest the other three.
Defendants claim they never "deprived" plaintiff of anything within the meaning of § 1983, that their alleged harassment amounts at most to the intentional infliction of emotional distress that may be actionable under state law but is not a "deprivation." This contention is foreclosed by the decision in Reed v. Village of Shorewood, 704 F.2d 943 (7th Cir.1982). There it was alleged in the context of a § 1983 action that the defendants had harassed plaintiffs to the point where plaintiffs were forced to give up their liquor license. The court held that this was an actionable "deprivation." See op. at 949. If plaintiff can prove that defendants' harassment ultimately forced him to give up his job, he will have proved a "deprivation" under Reed.[12]
Defendants also claim that plaintiff has not asserted a constitutionally protected property interest. Constitutionally protected property is present where plaintiff asserts a legitimate claim of entitlement not to lose a valuable governmental benefit except for cause.[13] Plaintiff contends, and defendants have not yet specifically denied the allegation, that plaintiff had a right under state law not to be fired absent cause. The provisions of the Illinois Personnel Code tend to bear this out. See Parkhill v. Civil Service Commission, 58 Ill. App.3d 291, 292, 15 Ill.Dec. 819, 820, 374 N.E.2d 254, 255 (1978); Norris v. Commission on Human Relations, 26 Ill.App.3d 528, 539-40, 325 N.E.2d 818, 826 (1975); Ill.Rev. Stat. ch. 127, ¶ 63b108b.16 (1981). Accordingly, plaintiff's interest in keeping his position as a parole officer was a property interest. See generally Powell v. Jones, 56 Ill.2d 70, 305 N.E.2d 166 (1973) (state employees protected for dismissal absent cause by the personnel code have property interests in their positions).[14]
Finally, defendants contend that plaintiff was not denied due process of law since he could have challenged defendants' conduct and hence received a hearing under the Illinois Personnel Code, Ill.Rev.Stat. ch. 127, ¶¶ 63b110(6), 63b111. However, the statute provides for a hearing only in the case of wrongful demotion or termination. *1222 That did not occur here; plaintiff was not terminated, demoted, or even transferred by defendants. He voluntarily put himself on disability, allegedly because of defendants' harassment. No provision of the Personnel Code has been brought to our attention which would have permitted plaintiff to obtain a hearing on "harassment."[15]
In any event, Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), on which defendants rely, does not bar plaintiff's claim.[16] Defendants contend only that plaintiff could have received a post-deprivation hearing under state law. See Memorandum in Support of Defendants' Motion to Dismiss at 5-7.[17] However, Parratt's holding that due process may be satisfied by a post-deprivation hearing is applicable only where it would have been impracticable for the state to have provided any predeprivation process. See Vail v. Board of Education, 706 F.2d 1435, 1440 (7th Cir.1983); Begg v. Moffitt, 555 F.Supp. 1344 (N.D.Ill.1983). Defendants have not yet attempted to show that it would have been impracticable to accord plaintiff any predeprivation process. Hence, the claimed availability of a post-deprivation hearing is not sufficient to satisfy due process. Plaintiff has stated a claim under the due process clause.
Defendants' motion to dismiss the complaint is denied. Prior trial schedule to stand. Defendants are ordered to answer the complaint within 14 days.
NOTES
[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Plaintiff is a citizen of Illinois, as are defendants. However, the amendment has been construed to bar suits by citizens against their own states. E.g. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355-56, 39 L.Ed.2d 662 (1974).
[2] Under the terms of the statute, even if we accepted defendants' position we would not be justified in dismissing the complaint until it had been determined that defendants had not engaged in intentional, willful or wanton conduct not intended to serve the best interests of the state. Fairly read, the complaint allege non-indemnifiable conduct.
[3] See Rothstein v. Wyman, 467 F.2d 226 (2d Cir.1972); Thrasher v. Missouri State Highway Comm'n, 534 F.Supp. 103, 105 (E.D.Mo.1981), aff'd mem., 691 F.2d 504 (8th Cir.1982); Ganguly v. New York State Dep't of Mental Hygiene, 511 F.Supp. 420, 424-25 (S.D.N.Y.1981); Stebbins v. Weaver, 396 F.Supp. 104, 109 (W.D.Wis.1975).
[4] See Karpovs v. Mississippi, 663 F.2d 640, 644-45 (5th Cir.1981); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1350 (9th Cir.1981), aff'd on other grounds sub nom. Kush v. Rutledge, ___ U.S. ___, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); Great Western United Corp. v. Kidwell, 577 F.2d 1256, 1265-66 (5th Cir.1978), rev'd on other grounds, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979); Jagnandan v. Giles, 538 F.2d 1166, 1173 (5th Cir.1976), cert. denied, 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977); Standing Rock Sioux Indian Tribe v. Dorgan, 505 F.2d 1135, 1138 (8th Cir.1974); Named Individual Members v. Texas Highway Dep't, 496 F.2d 1017, 1026 (5th Cir.1974); Dillon v. Director, 552 F.Supp. 30, 33 (W.D.Va. 1982); Langton v. Maloney, 527 F.Supp. 538, 543-45 (D.Conn.1981); Smith v. Walsh, 519 F.Supp. 853, 856 (D.Conn.1981); Stubbs v. Kline, 463 F.Supp. 110, 115 (W.D.Pa.1978); Greenlow v. California Dep't of Benefit Payments, 413 F.Supp. 420, 425-26 (E.D.Cal.1976); Schumaker v. Sommer, 386 F.Supp. 618 (D.S. D.1974), aff'd sub nom. Schumaker v. South Dakota, 518 F.2d 653 (8th Cir.1975) (per curiam), cert. denied, 423 U.S. 1072, 96 S.Ct. 854, 47 L.Ed.2d 82 (1975); Janda v. Illinois, 348 F.Supp. 568, 571 (N.D.Ill.1972); Epstein v. Maddox, 277 F.Supp. 613, 618 (N.D.Ga.1967), aff'd mem., 401 F.2d 777 (5th Cir.1968). See generally Ronwin v. Shapiro, 657 F.2d 1071, 1074-75 (9th Cir.1981); American Civil Liberties Union v. Finch, 638 F.2d 1336, 1340-41 (5th Cir.1981); Prebble v. Brodrick, 535 F.2d 605, 610 (10th Cir.1976); Sheppard v. West Va. Bd. of Regents, 516 F.2d 826, 829 n. 7 (4th Cir.1975); Ybarra v. City of Los Altos, 503 F.2d 250, 252 (9th Cir.1974); Verner v. Colorado, 533 F.Supp. 1109, 1114 (D.Colo.1982); Morrow v. Sudler, 502 F.Supp. 1200, 1203 (D.Colo. 1980); Fialkowski v. Shapp, 405 F.Supp. 946, 954 (E.D.Pa.1975); Hanshaw v. Delaware Technical & Comm. College, 405 F.Supp. 292, 300-01 (D.Del.1975).
[5] In fact, many courts describe the Ex parte Young principle as permitting suits seeking to hold state officers liable in their individual, but not official capacities. See Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir.1981); Unified School Dist. No. 480 v. Epperson, 583 F.2d 1118, 1121 (10th Cir.1978); West v. Keve, 571 F.2d 158, 163 (3d Cir.1978); Martin v. University of Louisville, 541 F.2d 1171, 1176-77 (6th Cir.1976); Sarteschi v. Burlein, 508 F.2d 110 (3d Cir.1975); Billings v. Wichita State Univ., 557 F.Supp. 1348, 1350 (D.Kan.1983); Bennett v. Reed, 534 F.Supp. 83, 85 (E.D.N.C.1981), aff'd mem., 676 F.2d 690 (4th Cir.1982); Roberson v. Wood, 500 F.Supp. 854, 861-62 (S.D.Ill. 1980); Brook v. Thornburgh, 497 F.Supp. 560, 561-62 (E.D.Pa.1980); Palmer v. Penn-Ohio Road Materials, Inc., 470 F.Supp. 1199, 1202 (W.D.Pa.1979); Ahmad v. Burke, 436 F.Supp. 1307, 1311-12 (E.D.Pa.1977); Euster v. Pennsylvania State Horse Racing Comm'n, 431 F.Supp. 828 (E.D.Pa.1977); Kardon v. Hall, 406 F.Supp. 4, 7-8 (D.Del.1975); Davidson v. Dixon, 386 F.Supp. 482, 485 (D.Del.1974); Carey v. White, 375 F.Supp. 1327, 1329 (D.Del.1974); Downs v. Department of Public Welfare, 368 F.Supp. 454, 461-62 (E.D.Pa.1973). See also Whitner v. Davis, 410 F.2d 24, 30 (9th Cir. 1969). Official capacity suits are only a way of suing the state agency itself instead of merely the employee. Monell v. Department of Social Servs., 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Agencies can only be liable for the actions of their employees under § 1983 when the employees act pursuant to the custom, policy or practice of the agency. See id. at 690-95, 98 S.Ct. at 2035-38. Thus, this test merely restates the question whether the official has acted within the scope of his authority under his employer's customs, policies and practices, or whether he has abused his authority.
[6] While Justice Stevens' opinion was joined only by four members of the Court, four other justices indicated that they agreed with his analysis of the Ex parte Young limitation quoted above. See id. at 3330 (White, J., concurring in the judgment in part and dissenting in part).
[7] The case in this circuit on which defendants principally rely acknowledges this limitation on the eleventh amendment. See Adden v. Middlebrooks, 688 F.2d 1147, 1150-51 (7th Cir. 1982).
[8] Moreover, as these courts point out, a state could expand the reach of the eleventh amendment almost indefinitely, eviscerating the principles of Scheuer, Ex parte Young and § 1983 itself by entering indemnity agreements with a wide range of persons. That could not be what the Court in Scheuer and Young, or the Congress that enacted the fourteenth amendment and § 1983, intended.
[9] Indiana State Employees Ass'n, Inc. v. Boehning, 511 F.2d 834 (7th Cir.1975), is not to the contrary. There the court held that the eleventh amendment precluded an action for back-pay by a state employee who had been discharged pursuant to statutory procedures but allegedly in violation of the due process clause. There, the action was taken by a state agency pursuant to its official procedures and the action was properly brought only as an official capacity suit. Thus, it did not fall into Scheuer or Young. See note 5, supra.
[10] We assume but do not decide that the department is a "court" within the meaning of § 1738, which applies only to decisions of "any court." It is unclear what preclusive effect the decision of an administrative agency which has not been reviewed by a court has under Illinois law. We have found only one case which accorded preclusive effect to an administrative decision that had been judicially reviewed. See Bentley v. Teton, 19 Ill.App.2d 284, 153 N.E.2d 495 (1958). Our court of appeals has addressed the question under Indiana law. Finding no pertinent Indiana cases, it accorded the administrative decision preclusive effect after concluding that that result represented the best approach to the problem and hence likely would be adopted by the Indiana courts. See Bowen v. United States, 570 F.2d 1311 (7th Cir.1978). For purposes of this decision we assume without deciding that Illinois courts would accord an unreviewed administrative decision preclusive weight. Plaintiff's argument to the contrary is based on Kremer v. Chemical Construction Corp., 456 U.S. 461, 469-70 & n. 7, 102 S.Ct. 1883, 1890-91, & n. 7, 72 L.Ed.2d 262 (1982), where the Court held that a state administrative decision would not receive preclusive weight if unreviewed in state court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (1976). However, the Court noted that the statute guaranteed the right to trial de novo after administrative review by its terms. Section 1983 does not do so, however.
[11] Neither does claim preclusion, or res judicata, bar this action. Res judicata applies only to claims that were or could have been raised in the prior litigation. See, e.g., People v. Bone; People v. Somerville, 42 Ill.2d 1, 4, 245 N.E.2d 461, 464 (1969); Gregory v. County of LaSalle, 40 Ill.2d 417, 422, 240 N.E.2d 609, 612 (1968); Smith v. Bishop. Since the department has no jurisdiction over the claim plaintiff raises here, the claim could not have been litigated before the department.
[12] Reichenberger v. Pritchard, 660 F.2d 280 (7th Cir.1981), relied on by defendants, is distinguishable since there plaintiff's business activities were never actually interfered with whereas here plaintiff has alleged that defendants' harassment ultimately forced him to give up his job. See Reed, op. at 949.
[13] See Logan v. Zimmerman Brush Co., 455 U.S. 422, 430, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982); Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9-12, 98 S.Ct. 1554, 1560-62, 56 L.Ed.2d 30 (1978); Goss v. Lopez, 419 U.S. 565, 573, 95 S.Ct. 729, 735, 42 L.Ed. 725 (1974); Arnett v. Kennedy, 416 U.S. 134, 166-67, 94 S.Ct. 1633, 1650-51, 40 L.Ed.2d 15 (1973) (Powell, J., concurring in part and concurring in the result in part); id. at 184-85, 94 S.Ct. at 1659-60 (White, J., concurring in part and dissenting in part); id. at 209-10, 94 S.Ct. at 1671-72 (Marshall, J., dissenting). The cases on which defendants rely all involve plaintiffs who had no legitimate expectation under state law that they could keep their jobs absent cause. See, e.g., Sullivan v. Brown, 544 F.2d 279, 282-83 (6th Cir.1976); Sherman v. City of Richmond, 543 F.Supp. 447, 449-50 (E.D.Va. 1982); Ramsey v. TVA, 502 F.Supp. 230, 232 (E.D.Tenn.1980); Danno v. Peterson, 421 F.Supp. 950 (N.D.Ill.1976).
[14] Plaintiff also alleges that defendants' harassment led to a reduction in his income. Wages, of course, are a species of property. See Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).
[15] Defendants do not claim plaintiff was "constructively terminated" within the meaning of the code. Defendants claim plaintiff could have received a hearing before the Illinois Department of Human Rights. However, as our analysis of the preclusive effect of the department's decision demonstrates, plaintiff's claim does not involve any form of discrimination forbidden by the Illinois Human Rights Act and hence the department lacks jurisdiction over plaintiff's claims and could not have given him a hearing on those claims.
[16] We recently had occasion to extensively discuss Parratt in Begg v. Moffitt, 555 F.Supp. 1344 (N.D.Ill.1983). That opinion should be consulted for a more complete discussion of the scope of Parratt.
[17] Defendants briefly allude to contractual grievance procedures. These may have been available to provide plaintiff a pre-deprivation hearing on his charges of harassment. If so, it may be that plaintiff was not denied due process. However, since defendants have not yet explained the grievance procedures to us, much less relied on them, we will not dismiss the complaint on that basis at this juncture.