McKINZIE et al. v. SPRINGFIELD CITY
WATER CO.

SIMS v. SPRINGFIELD CITY WATER CO.

Nos. 1211, 1213.

United States District Court
W. D. Missouri, S. D.

Sept. 8, 1953.

———————

Edward Sweeney, Monett, Mo., for plaintiff.

Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., for defendant.

REEVES, Chief Judge.

■ The verified motion for costs in the above cause is not opposed. It points out reason why the court ought to use its discretion to require the plaintiffs to make a deposit or give bond to cover costs. Said motion should be sustained.

■ The motion for a more definite statement calls attention to the general averment of the complaint, which is as follows:

"That during the year 1952 the defendant furnished water to a dwelling at 2111 West Chestnut in Springfield, Missouri, which was not safe and which was contaminated."

While this, of course, is a conclusion of fact by the pleader, nevertheless such pleading has been repeatedly upheld by the courts. It is analogous to the pleading of general negligence, and the Supreme Court, in effect, interpreted its rule by appending to the Federal Rules of Civil Procedure, 28 U.S.C.A., a form which made a general averment of negligence unobjectionable.

The defendant cites two cases, the one prepared by the writer, Schmidt v. Going, D.C., 25 F.Supp. 412. This opinion was prepared in 1938. Rule 12(e) then provided for a more particular statement. This provision of the rule has since been eliminated. The case of Bush v. Skidis, D.C., 8 F.R.D. 561, cannot be followed by this court. The able author of that opinion thought that the discovery rules were inadequate to furnish the information sought. This is contrary to all of the decisions of the court, and it was so conceded by the author of the opinion. The discovery rules are efficient for the purpose sought by the defendant. It will be an easy matter to ask the plaintiffs' attorney in what way the water was contaminated and on what particular date in 1952. Moreover, the averment is not vague and ambiguous, and, as indicated, the rule for a bill of particulars has long since been deleted from the rules. This motion, though designated a motion for a more definite statement, simply calls for particulars.

It follows that the motion for a more definite statement should be and will be overruled.