**Emma I. HAMILTON, Administratrix of the Estate of Clarence Hamilton, deceased,**

v.

**BALTIMORE AND OHIO RAILROAD COMPANY.**

**No. NA 58–C–15.**

United States District Court
S. D. Indiana,
New Albany Division.

May 14, 1958.

Richard H. Montgomery, Seymour, Ind., and Owen Voigt, Jeffersonville, Ind., for plaintiff.

Telford B. Orbison, New Albany, Ind., for defendant.

STECKLER, Chief Judge.

This matter came before the court upon the defendant's objection to Interrogatory No. 2 filed on August 29, 1958 on the grounds that Interrogatory No. 2 calls for an expression of opinion and conclusions.

Interrogatory No. 2 reads as follows:

"2. Under your Second Defense with what act or acts of contributory negligence do you charge the plaintiff's decedent, Clarence Hamilton?".

Defendant's second defense alleges:

"Any damages sustained by plaintiff as set forth in her complaint were caused in whole or in part or were contributed to by the negligence of plaintiff's decedent, Clarence Hamilton."

As noted, defendant's ground for its objection is that the interrogatory calls for an expression of "opinion and conclusions." It is impossible to determine by this whether the defendant means to say the interrogatory requires the defendant to state "ultimate" facts or "a legal contention."

This court is in accord with the more modern view as expressed by the most eminent authorities on the Federal Rules of Civil Procedure with respect to the problem confronting the court, namely the works of Barron and Holtzoff and Professor Moore.

As pointed out in plaintiff's brief, Barron and Holtzoff, Volume 2, at page 437, has this to say with respect to the earlier cases:

"It may be doubted whether these cases would now be generally followed. One of the principal purposes of interrogatories is to ascertain the contentions of the adverse party."

Professor Moore, in Volume 4, Second Edition, Section 33.17, in commenting on the case of Ryan v. Lehigh Valley R. Co., D.C.S.D.N.Y., 5 F.R.D. 399, criticizes the holding of the District Judge by saying:

"The argument expressed in Ryan v. Lehigh Valley R. Co., that an interrogatory as to the basis of a particular contention is not proper because it would limit the party in his proof, is not sound, because its major premise is faulty; a party can be required to state what he knows at the time, without being narrowly tied down to that position if further evidence is later turned up. To the extent that interrogatories are used to clarify the contentions of the parties, they are an adjunct to the pleadings, and parties are not held rigidly within the limits of their pleadings when a case comes to trial. A rule against interrogatories relating to 'contentions' in effect is a revival of the discredited distinction between 'ultimate' and 'evidentiary' facts."

Moore further says at pages 2311 and 2312, Volume 4, Section 33.17:

"The courts have made crystal clear that pleadings are intended to do little more than give notice of the claims asserted and that fine detail is not required or even permitted. One of the chief reasons for this, asserted over and over again in the cases, is that if the adverse party desires further information as to the subject matter of the litigation he can obtain it by the use of the discovery rules. Under these circumstances, to say that 'contentions' are not a proper subject of interrogatories is to subvert the whole theory of the rules and to make it more difficult for the party to find out what the case against him is

about than it was under the old practice."

He further says:

"Liberal use of interrogatories for the purpose of clarifying and narrowing the issues made by the pleadings should be permitted and encouraged by the courts. Only in this manner can the proper interrelation between the pleading and the discovery rules be maintained."

In the Lehigh Valley case, the district court was concerned with the matter of foreclosing the defendant at the trial from going beyond the answers stated to the interrogatories with respect to the defendant's defense of assumption of risk. As pointed out by Professor Moore, the court's concern was predicated upon a faulty premise.

In view of the pleadings in the instant case as they are now framed, this court knows of no ruling which would preclude the defendant in this action from showing any relevant evidence which might tend to support its contention that the plaintiff's decedent was guilty of acts proximately contributing to the alleged accident and fatal injuries of which his legal representative complains.

■■■■■ Defendant would have the court relegate the plaintiff to the use of a motion for a more definite statement under Rule 12(e), 28 U.S.C.A. If, however, the defendant's second defense were so vague or ambiguous that the plaintiff could not reasonably be required to frame a responsive pleading to it, if one were required—which. it is not—the court would be inclined to the position taken by the defendant in its briefs. Since the theory of the defense is not vague or ambiguous, there is no reason to require the pleading to be made more definite, unless the court were disposed to require the defendant to plead evidentiary facts. The able counsel for defendant are well aware that the Rules do not require nor even permit the pleading of evidentiary facts. As they well know, gaining such information is afforded by the discovery processes under the Rules.

For the foregoing reasons, the defendant's objection to the plaintiff's Interrogatory No. 2 should be and the same is hereby overruled.