Eugene SOPKIN, Plaintiff,

v.

MISSOURI NATIONAL LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. 14203-4.

United States District Court
W. D. Missouri, W. D.

Nov. 6, 1963.

Swofford, Smith & Waisblum, by Laurence R. Smith, Kansas City, Mo., Lee & Booth, Tulsa, Okl., for plaintiff.

Granoff, Levy & Craig, by Joseph S. Levy, Kansas City, Mo., for defendant.

BECKER, District Judge.

This cause is before the Court on plaintiff's motion for a more definite statement of defendant's counterclaim. Plaintiff's principal contention is that defendant's counterclaim is so vague and am-

biguous that plaintiff cannot determine whether it sounds in contract or tort.

A similar motion by the defendant for a more definite statement of plaintiff's claim was overruled by this Court's order filed March 14, 1963. The same principles applied in overruling that motion require denial of this motion.

■ The cause of action—theory of the case doctrine has no application under the Federal Rules of Civil Procedure. Nester v. Western Union Tel. Co. (S.D. Cal.) 25 F.Supp. 478; 2 Moore, Federal Practice ¶ 2.06, pp. 354–61; 1A Barron and Holtzoff, Federal Practice and Procedure § 255, p. 55, especially n. 54 at pp. 53–54. The failure to characterize a claim as in contract or tort is not such vagueness or ambiguity that the defendant cannot frame a responsive pleading in an ordinary case such as this.

■ Rule 8(a) of the Federal Rules of Civil Procedure provides:

> "Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

Motions for more definite statements are not favored. 1A Barron and Holtzoff, Federal Practice and Procedure § 362, p. 434.

■■ Compliance with Rule 8 should not expose a party to a motion under Rule 12(e). Detailed information as to the factual claims and legal contentions of parties may be secured by the simple and expeditious methods provided in Rules 16 and 26–37 of the Federal Rules of Civil Procedure. 2 Moore, Federal Practice ¶ 12.17, pp. 2283–84; 4 Moore, Federal Practice ¶ 33.17, pp. 2309–12; see also Wycoff v. Nichols (W.D.Mo.) 32 F.R.D. 369.

It is therefore

Ordered that plaintiff's motion for a more definite statement of defendant's counterclaim be, and the same is hereby, overruled.