534 F.Supp. 103 (1981)
Harlan D. THRASHER, Plaintiff,
v.
MISSOURI STATE HIGHWAY COMMISSION, Ely B. Dillingham, Chairman, Defendant.
No. N81-0055C.
United States District Court, E. D. Missouri, N. D.
November 10, 1981.
*104 Harlan D. Thrasher, plaintiff, pro se.
Thomas H. Pearson, Kirkwood, Mo., for defendant.

MEMORANDUM
CAHILL, District Judge.
This matter is before the Court on defendant's motion to dismiss or in the alternative, for more definite statement.
*105 Pro se plaintiff in this action alleges that he was fired from his job as a field mechanic with defendant after having complained to his foreman about working conditions at the headquarters building. He avers that he was fired by Robert W. Patton, District Engineer, on the basis of an incorrigible personality and received an unfair hearing when he appealed to the Missouri State Highway Commission. Plaintiff alleges that he was dismissed not due to emotional problems but because he joined a labor organization after being told he had that right, in violation of his first amendment right of freedom of association and Mo.Rev. Stat. § 105.510. Furthermore, plaintiff contends that a conspiracy has been in existence to prevent him from obtaining legal review. Consequently, plaintiff prays inter alia, for injunctive relief, back wages with interest, and attorney's fees.
Defendant moves to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) or in the alternative for a more definite statement under Fed.R.Civ.P. 12(e).
Defendant's first point is that plaintiff has failed to state a claim under the Rehabilitation Act of 1973 on account of his firing in 1969 because it occurred four years prior to promulgation of the statute. The Rehabilitation Act of 1973 is not applicable to pre-1974 injuries. See Gurmankin v. Costanzo, 556 F.2d 184, 186 (3d Cir. 1977), cert. denied, 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 352 (1981). Therefore, plaintiff fails to state a claim under the Rehabilitation Act of 1973.
As defendant ably asserts, even if plaintiff is complaining that defendant violated the Rehabilitation Act by failing to rehire him after 1973 (see complaint p.3, paragraph 11), he lacks standing to bring suit under 29 U.S.C. § 794 of the Rehabilitation Act of 1973, because he has not alleged that he was an intended beneficiary of federal assistance as required by this section. See Carmi v. Metropolitan St. Louis Sewer Dist., 620 F.2d 672, 675 (8th Cir. 1980), cert. denied, 449 U.S. 892, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980).
Defendant contends that plaintiff also fails to state a claim under 42 U.S.C. § 1983 for alleged violations of the due process and freedom of association clauses of the United States Constitution, because such claims are barred by the eleventh amendment. U.S.Const. Amend. XI states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." A suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the eleventh amendment. See Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1973); Jackson Sawmill Co. v. United States, 580 F.2d 302, 309 (8th Cir. 1978), cert. denied, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979); Stubbs v. Kline, 463 F.Supp. 110, 115 (W.D.Pa.1978). This suit was brought by plaintiff, a private party, who is seeking inter alia, back wages with interest. If it is determined that plaintiff is entitled to back wages, they must be paid from public funds in the state treasury, because defendant is a subordinate branch of the executive department of the government of the State of Missouri. See Broyles v. State Highway Commission of Missouri, 48 S.W.2d 78, 79 (Mo.App.1932). Therefore, according to the case law, plaintiff's claim for back wages under 42 U.S.C. § 1983 is barred by the eleventh amendment and is dismissed.
Actions seeking injunctive relief under 42 U.S.C. § 1983, consistent with the eleventh amendment, are permissible in federal court even if they require the state to expend some public funds in implementing relief and thus even if the award has an ancillary effect on the state treasury. Edelman, 415 U.S. at 677, 94 S.Ct. at 1362; Jackson Sawmill Co., 580 F.2d at 309. In his complaint, plaintiff requests injunctive relief. Therefore, his claim for injunctive relief under 42 U.S.C. § 1983 will not be dismissed.
*106 The Court notes that plaintiff has failed to allege a property or liberty interest in his former occupation sufficient to invoke the protections of the due process clauses of the fifth and fourteenth amendments. See Carmi, 620 F.2d at 675-76. Accordingly, plaintiff's due process claims are dismissed.
As to his first amendment freedom of association claim, the Court cannot say with certainty that he fails to state a claim. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See McLain v. Real Estate Board of New Orleans, 444 U.S. 232, 246, 100 S.Ct. 502, 511, 62 L.Ed.2d 441 (1980); Hospital Building Co. v. Trustees of Rex Hospital, et al., 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). Plaintiff's first amendment claim, therefore, will not be dismissed.
Accordingly, defendant's motion to dismiss is granted as to plaintiff's claims under the Rehabilitation Act of 1973, under 42 U.S.C. § 1983 for back wages, and under the due process clauses of the fifth and fourteenth amendments. Defendant's motion to dismiss is denied as to plaintiff's claims under 42 U.S.C. § 1983 for injunctive relief and under the First Amendment of the United States Constitution.
Since a motion for more definite statement is not a favorite of the law and matters sought are subject to discovery which provides a more satisfactory method of narrowing the issues, defendant's alternative motion for more definite statement is denied. See Zamora v. Massey-Ferguson, Inc., 336 F.Supp. 588 (S.D.Iowa 1972); Sopkin v. Missouri Nat. Life Ins. Co., 222 F.Supp. 984 (W.D.Mo.1963); Mattson v. Cuyana Ore Co., 24 F.R.D. 363, 365 (D.Minn. 1959).