Isaac J. **CORNELIUS** and Cornelius Contractors Corp., Plaintiffs,

v.

David B. **LA CROIX, et al., Defendants.**

No. 83–C–470.

United States District Court, E.D. Wisconsin.

Nov. 29, 1983.

Mark M. Camp, Pfannerstill & Camp, Wauwatosa, Wis., for plaintiffs.

James H. Petersen, Milw. Metro. Sewerage Dist., Milwaukee, Wis., for Milwaukee Metro. Sewerage & LaCroix.

A. Frank Putz, Asst. Corp. Counsel, Milwaukee County, Milwaukee, Wis., for Harmon & Co. of Milwaukee.

Daniel S. Farwell, Asst. Atty. Gen., Madison, Wis., for Wis. Dept. of Natural Re-

sources, Wis. Dept. of Development, Manning, Beckett & Payne.

Kevin J. Lyons, Cook & Franke, Milwaukee, Wis., for Estes.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Two of the defendants in this case, Letha F. Harmon and the County of Milwaukee, have moved the court to dismiss the action as to them, or in the alternative to hold the action in abeyance pending the plaintiffs' exhaustion of administrative remedies, or in the further alternative, to order the plaintiffs to make their complaint more definite and certain. The movants supported their motion with only a short statement of grounds and an affidavit; no responsive brief or affidavit has been filed. The defendants' alternative motions will be considered in sequence.

The plaintiffs are Isaac J. Cornelius, an American Indian, and Cornelius Contractors Corp., a construction company of which Mr. Cornelius allegedly owns 51% of the capital stock. Letha F. Harmon is the minority business enterprise coordinator for Milwaukee County. In addition to Ms. Harmon and the county, the defendants include other state and local agencies and their respective minority business coordinators or administrators. No federal defendants are named.

The plaintiffs allege that the defendants have deprived them, under color of state law, of rights and privileges secured by the United States Constitution and laws. They cite seventeen statutory and constitutional sections pursuant to which the court's jurisdiction is invoked, including 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 1983, 2000e, 6705, 6707, and 6727.

The plaintiffs claim that the corporate plaintiff has been engaged in construction work as a subcontractor to firms performing large, federally funded public works projects for the nonindividual defendants. According to the plaintiffs, for three years the nonindividual defendants had classified the corporate plaintiff as a minority business enterprise and small business concern as defined in federal law. As a result, the corporate plaintiff was allegedly eligible to participate in programs implemented by the nonindividual defendants pursuant to federal law, which are designed to encourage participation by minority business enterprises in the performance of federally funded construction work.

The plaintiffs' basic grievance is that the defendants have allegedly revoked, unilaterally and without notice or hearing, Mr. Cornelius's classification as a "socially and economically disadvantaged person" and the corporation's classification as a minority business enterprise and small business concern. According to the plaintiffs, the defendants have advised major construction firms of this revocation. As a result, these firms have cancelled their contracts with the plaintiff corporation and have informed the corporation that it will no longer be hired as a minority business enterprise.

The plaintiffs assert that the defendants' action has deprived them of their property without due process of law and without compensation. Reference is also made in the complaint to the defendants "unlawfully discriminating" against the plaintiffs; however, no specific allegations are made that the defendants acted against the plaintiffs based on a particular unlawful discriminatory motive. The plaintiffs seek declaratory, injunctive, and monetary relief.

Milwaukee County and Ms. Harmon first assert that the lawsuit should be dismissed as to them pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, because the court lacks subject matter jurisdiction. Their grounds for this assertion are: (1) the plaintiffs have no constitutional, statutory, or ordinance right to do construction work for the county; (2) the plaintiffs have not filed a right to sue letter from the U.S. Attorney General; and (3) the plaintiffs have not established that the amount in controversy is more than $10,000 for each plaintiff.

■ As for the first of these points, the plaintiffs have alleged, in part, that the defendants have deprived them of their property without due process of law, under color of state law. This allegation is sufficient to give the court subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, whatever other jurisdictional bases may or may not exist. *See Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Furthermore, when jurisdiction is predicated on these statutes, there is no requirement that the amount in controversy exceed $10,000. *See Lynch v. Household Finance Corp.*, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972).

■ The allegation that the plaintiffs have not obtained a right to sue letter presumably relates to the plaintiffs' assertion that this court's jurisdiction is based in part on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Under Title VII, a plaintiff is normally required to exhaust administrative remedies before the Equal Employment Opportunity Commission and obtain a "right to sue" letter prior to commencing suit in federal district court. *Gibson v. Kroger Co.*, 506 F.2d 647 (7th Cir.1974). The plaintiffs in this action have not alleged pursuit of such administrative remedies or receipt of a right to sue letter. Regardless of whether the requirement of a right to sue letter is jurisdictional or not, I deem it appropriate to dismiss the plaintiffs' complaint at this time without prejudice insofar as it alleges a cause of action under Title VII, for failure to exhaust administrative remedies.

In their second alternative motion, the county and Ms. Harmon seek an order pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, dismissing the action as to them for failure to state a claim upon which relief can be granted. The movants rely on the plaintiffs' failure to allege that they have a constitutional, statutory, or ordinance right to certification by Milwaukee County as a minority business enterprise, that the decision not to certify the corporate plaintiff was unfounded, or that the plaintiffs were denied a rehearing or appeal.

Because the movants have supported their motion with materials outside the pleadings, the motion will be treated as one for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. In her affidavit accompanying the motion, Ms. Harmon asserts that as Milwaukee County's minority business enterprise coordinator, she reviewed several applications by the corporate plaintiff for certification as a minority business enterprise and twice decided that such certification should be denied. Attached to her affidavit are copies of two application forms apparently submitted by Cornelius Contractors Corp., dated respectively August 20, 1980, and October 2, 1981. Also attached are copies of two letters from Ms. Harmon to Mr. Cornelius. The first is dated December 1, 1981. It states that Ms. Harmon has determined that Cornelius Contractors Corp. is not an eligible minority business and that her decision can be appealed to the United States Department of Transportation. The second letter, dated September 23, 1982, states that despite a renewed application, certification will continue to be denied, and informs Mr. Cornelius that an appeal may be taken to the Minority Business Enterprise Committee.

■ Under Rule 56, summary judgment may be granted if the pleadings, affidavits, and other documents on file show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. When a summary judgment motion is supported by affidavits, the opposing party may not rest upon the allegations in his pleadings, but must respond with affidavits or other materials setting forth specific facts that demonstrate the existence of a genuine issue for trial. Any doubt as to the existence of such an issue is to be resolved against the movant, and the evidence presented is to be construed in favor of the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ Resolution of the defendants' Rule 12(b)(6) motion is complicated by the plaintiffs' reliance on numerous statutes and constitutional provisions and by the defendants' failure to present the court with any authority for their position that the plaintiffs have not stated a claim under any of these provisions. In deciding to deny the defendants' motion at this time, I have not attempted to review exhaustively all the grounds for relief asserted by the plaintiffs. I deem it sufficient to have determined that there is at least one ground upon which the plaintiffs can withstand the defendants' motion based on the present record. If the defendants wish to mount a more detailed challenge to the soundness of the plaintiffs' various claims in the future, they remain free to do so.

One of the statutes cited in the complaint is 42 U.S.C. § 6705. This section relates to federal grants made to state and local governments for public works. It imposes a condition on such grants that at least 10% of the amount of each grant be expended for minority business enterprises. "Minority business enterprise" is defined, in the case of a publicly owned business, as one in which at least 51% of the stock is owned by minority group members. "Minority group member" is defined to include American Indians.

While this provision does not grant any specific minority business enterprise the right to be selected to perform any particular construction contract, *Minority Contractors Association v. City of Grand Rapids*, 489 F.Supp. 595 (W.D.Mich.1980), it does create a defined category of beneficiaries, namely, businesses that meet the definition of "minority business enterprise" and are therefore eligible to be considered to receive the benefit of certain federal funds. Furthermore, it has been held that the primary responsibility for achieving compliance with the 10% set-aside for minority businesses rests on the grantee state or local government. *See Constructors Association of Western Pennsylvania v. Kreps*, 441 F.Supp. 936, 941–42 (W.D.Pa. 1977), *aff'd*, 573 F.2d 811 (3d Cir.1978).

While not completely analogous, 42 U.S.C. § 6705 is, in my opinion, similar enough to welfare and licensing statutes to support the application of case law involving the latter to the instant case. This body of case law indicates that denial of a license or benefits under a statutory provision in an arbitrary fashion and without meeting the requirements of procedural due process provides a basis for relief under 42 U.S.C. § 1983, if the denial occurs under color of state law. *See, e.g., Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Freitag v. Carter*, 489 F.2d 1377 (7th Cir.1973); *Smith v. Walsh*, 519 F.Supp. 853 (D.C.Conn.1981). *Cf. Heese v. DeMatteis Development Corp.*, 417 F.Supp. 864 (S.D.N.Y.1976).

The plaintiffs allege in their complaint that the corporate plaintiff had been certified by the nonindividual defendants as a minority business enterprise and that the defendants then revoked this classification without notice or hearing. Under the principles laid down in the licensing and welfare cases, these allegations state a claim for an unconstitutional deprivation of due process rights for which redress should be available under 42 U.S.C. § 1983.

Ms. Harmon's affidavit calls into question the factual basis of the allegations in the complaint. Her affidavit and the accompanying documents indicate that Milwaukee County never did certify Cornelius Contractors Corp. as a minority business enterprise. The plaintiffs have submitted no counteraffidavit to contradict this assertion. However, the application forms attached to Ms. Harmon's affidavit are verified by a sworn statement by Mr. Cornelius that their contents are true and correct. These contents include a statement that Milwaukee County certified the corporate plaintiff as a minority business enterprise on September 29, 1981. Thus, the materials submitted by the movants themselves suggest that a factual dispute exists concerning the certification or lack thereof of Cornelius Contractors as a minority business enterprise.

Aside from this factual issue, the affidavit submitted by the defendants does not clearly support their right to judgment as a matter of law. First, some of the informa-

tion relied on by Ms. Harmon for her denial of certification in her letter of December 1, 1981, does not appear on the copies of Mr. Cornelius's application forms that are attached to her affidavit. Thus, Ms. Harmon's affidavit and the accompanying materials do not seem to present a complete picture of how the decision to deny certification was reached. Second, Ms. Harmon appears to have considered factors other than Mr. Cornelius's status as an American Indian and 51% ownership of Cornelius Contractors—the only two criteria given in 42 U.S.C. § 6705 and the corresponding regulations for qualification as a minority business enterprise. *See* 13 C.F.R. § 317.2. Third, it is not clear from Ms. Harmon's affidavit exactly what appeal procedures were open to Mr. Cornelius and what the nature of any further review would have been. The only indications in this respect are the (seemingly contradictory) advice to Mr. Cornelius in Ms. Harmon's two letters that he could appeal to the U.S. Department of Transportation and that he could appeal to the Minority Business Enterprise Committee.

The present record does not permit a clear and certain conclusion that the decision to deny certification as a minority business enterprise to the corporate plaintiff complied with due process of law. Therefore, I will deny the pending motion to dismiss the complaint as to the county and Ms. Harmon for failure to state a claim upon which relief can be granted.

Milwaukee County and Ms. Harmon have also moved the court for an order holding the action in abeyance because the plaintiffs have failed to exhaust administrative remedies. In support of this request the movants allege only that the plaintiffs "failed to exhaust their administrative remedies, either at a federal or state level, as to rehearing or appeal of defendant Harmon's decision."

■ The defendants' argument relating to exhaustion of state remedies cannot help them with respect to the plaintiffs' § 1983 claim, since there is no requirement under that section that such remedies be exhausted. *Patsy v. Board of Regents of State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). In contrast, there may be a requirement of exhaustion of federal remedies under 42 U.S.C. § 1983. *See, e.g., United Church of the Medical Center v. Medical Center Commission,* 689 F.2d 693 (7th Cir.1982). The only indication given by the movants of what federal remedies they feel the plaintiffs have failed to exhaust is Ms. Harmon's statement at the end of her first letter to Mr. Cornelius that her decision could be appealed to the United States Department of Transportation. From my reading of 42 U.S.C. §§ 6701–6710 and the corresponding regulations in 13 C.F.R. § 317.1 et seq., the Department of Transportation appears to play no role in the administration of the public works grants therein authorized or of the related 10% minority business enterprise set-aside requirement. Furthermore, Ms. Harmon's letters leave some uncertainty as to whether the appropriate appellate body to review her decision is the Department of Transportation or the local Minority Business Enterprise Committee. I conclude that an order holding this action in abeyance while the plaintiffs exhaust some unspecified federal remedy is not appropriate based on the present record.

■ Milwaukee County and Ms. Harmon have made a final alternative motion for a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure. Some of the additional information sought by the defendants' motion can more appropriately be obtained through discovery. *Thrasher v. Missouri State Highway Commission,* 534 F.Supp. 103 (E.D.Mo.1981), *aff'd,* 691 F.2d 504 (8th Cir.1982) (unpublished order), *cert. denied,* — U.S. —, 103 S.Ct. 1440, 75 L.Ed.2d 797 (1983); *Jenner v. Board of Trustees,* 389 F.Supp. 430 (E.D.Wis.1974). Other information sought by the movants consists, in effect, of statutory citations or legal theories, which need not be provided at the pleading stage. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1377 (1969). I conclude that the complaint is not so vague or ambiguous that the defendants cannot reasonably be expected to respond to it. This conclusion finds further support in the fact

that the other nine defendants in this action have already answered the complaint.

Therefore, IT IS ORDERED that the motion of Milwaukee County and Letha F. Harmon to dismiss this action as to them be and hereby is granted without prejudice insofar as the complaint alleges a violation of 42 U.S.C. § 2000e and is otherwise denied.

IT IS ALSO ORDERED that the motion of these defendants to have this action held in abeyance pending the plaintiffs' exhaustion of administrative remedies be and hereby is denied.

IT IS FURTHER ORDERED that the motion of these defendants for a more definite statement be and hereby is denied.

IT IS FURTHER ORDERED that the parties to this action shall appear for a status conference on Friday, December 30, 1983, in Courtroom 225, Federal Building, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, at 10:00 A.M. The parties should be prepared to discuss at the conference any motions any party contemplates making and the amount of time each party estimates will be required for completion of discovery.