Jill C. ANDERSON, Plaintiff,

v.

WISCONSIN GAS COMPANY, Defendant.

No. 82–C–1277.

United States District Court, E.D. Wisconsin.

Sept. 27, 1985.

⇐18

Suzanne K. Schalig, Podell, Ugent & Cross, S.C., Milwaukee, Wis., for plaintiff.

Susan R. Maisa and Stanley S. Jaspan, Foley & Lardner, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, District Judge.

Plaintiff Jill C. Anderson brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff Anderson has charged that the defendant, Wisconsin Gas Company ("The Company"), discriminated against plaintiff Anderson in violation of Section 703 of Title VII, 42 U.S.C. § 2000e–2. Plaintiff also claims that The Company has wrongfully discharged the plaintiff in violation of Wis.Stat. § 134.03; and that, as a result of the discharge, plaintiff Anderson has suffered emotional distress.

The jurisdiction of this Court over plaintiff's federal employment discrimination claim is pursuant to 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000-5(f). Plaintiff Anderson also seeks to invoke the pendent jurisdiction of the Court over the state causes of action for wrongful discharge and resultant emotional distress.

In defense, defendant asserts that the plaintiff has failed to file a timely charge with the Equal Employment Opportunity Commission, which filing is a necessary prerequisite to the maintenance of a Title VII action. Defendant also asserts that this Court may not exercise pendent jurisdiction over the two state law claims inasmuch as the federal Title VII claim should be dismissed. In addition, defendant asserts that, assuming that pendent jurisdiction over the two state law claims is exercised, these two causes of action must be dismissed for failure to state a claim upon which relief can be granted.

This action comes before this Court on The Company's motion for summary judgment as to the federal Title VII claim, and motion for judgment on the pleadings as to the two state law claims concerning wrongful discharge and emotional distress.

## BACKGROUND

Plaintiff began working for The Company on February 16, 1978. Ms. Anderson was hired as a coordinator of the Market Data Base Department within the Market Services Division of The Company. The nature of Ms. Anderson's position required that she work closely under the direction and supervision of the Manager-Market Data Base, Mr. Robert Bolda, an employee of The Company.

Plaintiff Anderson alleges that from sometime in April, 1978 until May, 1979, Mr. Bolda repeatedly made sexual remarks and suggestions to her. Ms. Anderson spoke with another Company employee, Mr. Paul Smith of the Employee Relations Department, and told him about the several incidents. Following this meeting, Ms. Anderson's working relationship with Mr. Bolda deteriorated to such an extent that she could not effectively perform her job as coordinator. Ms. Anderson and various representatives of The Company met throughout the summer of 1979 regarding her relocation in The Company's work force. However, the results of those several meetings were unsuccessful.

According to the stipulation between the parties, Ms. Anderson last performed services for The Company on August 20, 1979.

On September 26, 1979, Ms. Anderson was notified that she would be terminated from her employment with The Company effective September 30, 1979, and as a result thereof, she claims to have suffered economic and emotional distress.

Shortly after her termination, Ms. Anderson retained counsel. However, according to Ms. Anderson, this unnamed counsel did not inform Ms. Anderson as to the applicable filing time limits with the Equal Employment Opportunity Commission (EEOC). Ms. Anderson filed a complaint with the Equal Rights Division of the Wisconsin Department of Industry, Labor and Human Relations, claiming that she was discriminated against by The Company because of her sex. That complaint was eventually dismissed by the Wisconsin Department of Industry, Labor and Human Relations on May 25, 1983.

The Wisconsin agency forwarded the administrative complaint to the United States Equal Employment Opportunity Commission on or after June 27, 1980. On January 11, 1982, the state agency made a finding of probable ·cause that sex discrimination had taken place. Ms. Anderson retained present counsel in 1982. Present counsel decided that it would be more appropriate to try the case under Title VII and, accordingly, the state claim was then dismissed. In September 1982, Ms. Anderson obtained a right to sue letter and thereafter filed this action in federal court.

**DISCUSSION**

The Federal Rules of Civil Procedure, 56(e) provide that a court may grant summary judgment as a matter of law. *Adickes v. Kress & Company*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). When summary judgment is made solely on the pleadings, rather than affidavits and other documents, the motion is functionally the same as a motion to dismiss or a motion for judgment on the pleadings. *Marvasi v. Shorty*, 70 F.R.D. 14 (1976). In order to grant either motion, there must exist no genuine issues of material fact and the movant must be entitled to

judgment as a matter of law. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Cornelius v. La Croix*, 575 F.Supp. 1392 (E.D.Wis.1983); *Federal Deposit Insurance Corporation v. Freudenfeld*, 492 F.Supp. 763 (E.D.Wis.1980); *Cedillo v. International Association of Bridge and Structural Iron Workers, Local Union No. 1*, 603 F.2d 7 (7th Cir.1979).

**A. CLAIM 1.**

A motion for summary judgment is an appropriate vehicle for asserting the affirmative defense of a statute of limitations. *Knoll v. Springfield Township*, 699 F.2d 137 (3d Cir.1983); *Dague v. Piper Aircraft Corporation*, 513 F.Supp. 19 (D.C.Ind.1980). As stated by the court in *Yorger v. Pittsburgh Corning Corporation*, 733 F.2d 1215, 1217 (7th Cir.1984):

> In the specific instance of the entry of summary judgment on the basis of a statute of limitations defense, summary judgment is appropriate only if (1) the statute of limitations has run, therefore barring the plaintiff's claim as a matter of law, and (2) there exist no genuine issues of material fact regarding the time at which plaintiff's claim has occurred and the application of the statute to plaintiff's claim....

Nevertheless, the burden of showing an absence of genuine issues as to material facts regarding the defense rests with the movant. *Adickes v. Kress & Company, supra.*

The Company affirmatively asserts that Anderson has failed to meet the required statutory time limits for filing a charge with the EEOC. As a result, The Company contends that pursuant to Title VII, this claim may not be maintained and The Company is entitled to summary judgment as a matter of law.

■ A timely charge must be filed with the EEOC before a Title VII action can be maintained. *United Airlines, Incorporated v. Evans*, 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 1887 n. 4, 52 L.Ed.2d 571 (1977).

Sections 706(c) and (e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–5(c) and (e) provide the time limits within which a complainant must file a charge with the EEOC.

Section 706(e) provides that a charge must be filed with the EEOC within one hundred and eighty (180) days after the alleged unlawful employment practice occurred unless there has been an initial filing with a state or local agency, in which case the time limits for filing the EEOC charge are extended to 300 days. However, Section 706(c) provides that no EEOC charge may be filed *before* the expiration of sixty days after any state or local agency proceedings have commenced, unless these proceedings have been terminated earlier.

The United States Supreme Court in *Mohasco Corporation v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), interpreted sections 706(c) and (e) literally to mean that in a so-called "deferral state" a complaint is not "filed" with the EEOC, within the meaning of Section 706(e) until 60 days after the state or local proceedings are commenced or until such proceedings are terminated, whichever occurs earlier. 447 U.S. at 816–17, 100 S.Ct. at 2492. Should the EEOC receive a complaint before the 60-day deferral period has elapsed, the EEOC holds the complaint until such elapsing, at which time the complaint is considered "filed" with the EEOC. 447 U.S. at 817, 100 S.Ct. at 2492.

■ "The practical effect of *Mohasco* is the '240 day rule.'" *Shaffer v. National Can Corporation*, 565 F.Supp. 909, 911 (E.D.Pa.1983). Thus, in order to meet the 300-day filing requirement of Section 706(e) and the 60-day deferral requirement of Section 706(c), a complainant must file a complaint with the state agency at least within 240 days after the alleged unlawful employment practice occurs. Such filing will assure sufficient time (60 days) for the deferred period to elapse so that the charge can then be "filed" with the EEOC before the 300-day filing limit elapses.

Plaintiff Anderson filed a complaint alleging sex discrimination with the Wisconsin Department of Industry, Labor and Human Relations on June 27, 1980. This complaint was forwarded to the EEOC at approximately that same time. Since the parties stipulate that September 30, 1979, the day of Ms. Anderson's termination, was the most recent date of alleged discrimination, this filing with the state agency occurred 270 days after that date. However, a filing with the EEOC, by the terms of *Mohasco* and *Shaffer* could not be effective until 60 days after the state agency filing date of June 27, 1980, or on August 26, 1980, *330* days after the alleged discriminatory employment practice. Thus, despite the fact that Ms. Anderson's complaint may have been received by the EEOC within the 300-day filing time period, the complaint was not considered "filed" until 30 days after the statutory filing period had elapsed. Accordingly, The Company contends that Ms. Anderson may not maintain her Title VII claim and that there being no dispute as to any genuine issues of material fact, The Company is entitled to summary judgment as a matter of law.

■ In *Zipes v. Trans World Airlines, Incorporated*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the time limitations of Title VII are in the nature of a statute of limitations and are, therefore, subject to waiver, estoppel and equitable tolling. Whether a statute of limitations should be tolled lies in the discretion of the Court.

Plaintiff Anderson cites *International Union of Electrical Workers v. Robbins & Meyers*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) for the proposition that a court's discretion to toll the statute of limitation should be based on three criteria: (1) whether the defendant actively misled the plaintiff as to his or her rights under Title VII; (2) whether the plaintiff was in some extraordinary way prevented from asserting those rights; and (3) whether the plaintiff asserted his or her rights in the wrong forum.

*International Union* also cites to *Burnett v. New York Central Railroad Company,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). *Burnett* held that "[t]he basic question to be answered in determining whether, under a given set of facts, a statue of limitations is to be tolled, is one 'of legislative intent whether the right shall be enforceable ... after the prescribed time'." 380 U.S. at 426, 85 S.Ct. at 1053. In other words, is the congressional purpose effectuated by tolling the statute of limitations under the given circumstances?

In *Burnett,* the Court determined that the purposes and policies underlying the Federal Employers Liability Act, its limitations provision, and the remedial scheme developed for the enforcement of the rights given by the Act were effectuated by the equitable tolling of the statute of limitations during the pendency of an improperly venued state action where service of process was made on the opposing party.

Plaintiff Anderson contends that the EEOC filing limits should be tolled inasmuch as she was not advised as to those limits by her previous counsel. Anderson also claims that since *Mohasco* was only decided four days prior to the filing of her complaint, neither she nor her present counsel had notice that a filing on the 270th day after an alleged discriminatory practice would not be timely. In addition, Anderson points out that both the EEOC and the state agency handled as timely all filings within 300 days and considered plaintiff's filing as timely. In Anderson's view, this combination of circumstances show that her situation meets the criteria of *International Union* because she was somehow "prevented from asserting her rights".

However, Ms. Anderson's situation does not indicate that she was "prevented from asserting her rights" so as to equitably toll the Title VII filing time limits. In *Mohasco,* the Court literally interpreted Title VII to require the time limits we apply here, and held that such an interpretation of the

statute was not unfair even to persons who proceeded *without* the assistance of counsel. 447 U.S. at 825, 100 S.Ct. at 2496. Neither should it matter, for purposes of tolling the time limits, that *Mohasco* was decided four days prior to the filing of Ms. Anderson's complaint. The plaintiff in *Mohasco* did not have the benefit of judicial precedent to notice him that Sections 706(c) and (e) were to be interpreted literally. Nor should it matter that the EEOC and the state agency viewed Anderson's complaint as timely filed, because *Mohasco* specifically held that an agency's interpretation cannot supercede the language chosen by Congress.

In addition, an examination of congressional intent regarding the Title VII filing time limits would not seem to indicate that a complainant's rights should be enforceable after the prescribed limit. *Burnett v. New York Central Railroad Company, supra. Mohasco* amply discusses congressional intent and resolved that the deferral period of 60 days was intended to increase the role of states and localities in resolving charges of employment discrimination, but the statutory plan was not designed to allow a deferral state complainant to proceed less diligently than complainants in other states. The Supreme Court further pointed out that Congress "clearly intended to encourage the prompt processing of all charges of employment discrimination", 447 U.S. at 825, 100 S.Ct. at 2496, by creating a series of deadlines measured by number of days rather than months or years. Consequently, the Court refused to alter the balance struck by Congress.

For these reasons, we find that Congress did not intend that an employment discrimination complainant's rights should be enforceable after the prescribed limits, particularly in a situation where no service of notice was made upon the opposing party prior to the expiration of those limits. As there are no disputed, genuine issues of material fact, and equitable tolling is inappropriate here, the Court hereby GRANTS

The Company's motion for summary judgment as to the federal Title VII claim.

## B. CLAIMS II & III.

 Ms. Anderson seeks to invoke the pendent jurisdiction of this Court over the two state law claims for wrongful discharge and resultant emotional distress. In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court discussed the concerns of judicial economy, convenience, and fairness which would advise a court whether it should exercise pendent jurisdiction. The Court stated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. at 726–27, 86 S.Ct. at 1139; *see also, Americana Healthcare Corporation v. Schweiker*, 688 F.2d 1072 (7th Cir.1982). The decision to exercise pendent jurisdiction is discretionary even where the federal claim is of such sufficient substance as to confer subject matter jurisdiction on the court. *Fields v. Fidelity General Insurance Company*, 454 F.2d 682 (7th Cir.1971).

 In this instance, Ms. Anderson seeks an adjudication of her two state claims despite the summary judgment of her federal Title VII claims. The Court will decline to exercise pendent jurisdiction over plaintiff's state law claims for wrongful discharge and emotional distress because, under these circumstances, these matters should not be resolved in this forum. Moreover, Ms. Anderson is not unfairly compromised by this decision since she might have brought these actions in state court, but chose not to do so. The considerations of *Gibbs*, as well as judicial economy, fairness and convenience, militate against this Court assuming pendent jurisdiction over these state law claims. Accordingly, The Company's motion for judgment on the pleadings is GRANTED as to both Claims II & III.