**Vincent GOKA, Plaintiff,**

v.

**Paul BOBBITT, et al., Defendants.**

**No. 84 C 1011.**

United States District Court,
N.D. Illinois, E.D.

Dec. 3, 1985.

Daniel M. Harris, Mitchell D. Raup, Mayer, Brown & Platt, Chicago, Ill., for plaintiff.

Stephen G. Kehoe, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiff Vincent Goka ("Goka"), an inmate at the Stateville Correctional Center in Joliet, Illinois, was allegedly struck in the eye with a broom handle by another inmate, Gregory Williams ("Williams"), on September 23, 1983. Plaintiff, acting *pro se*, sued several employees and officials who were at Stateville at the time of the incident, seeking damages under 42 U.S.C. § 1983. Now represented, plaintiff has moved to amend his complaint. The amended, four-count complaint makes no new factual allegations but does name two additional defendants and seeks to reassert a claim voluntarily dismissed against a third defendant. The amended complaint also asserts pendent state law negligence claims, not present in the original complaint, against all defendants.

Defendants oppose the amendment on substantive grounds. They ask that the amendment be denied or, in the alternative, granted, but that Counts II, III and IV be dismissed. Defendants claim that Count III states no constitutional claim under § 1983, and that Counts II and IV assert pendent state law negligence claims barred by the Eleventh Amendment. For the reasons stated below, Goka's motion to amend his complaint is granted.

### I. Facts [1]

Now an inmate at the Graham Correctional Center in Hillsboro, Illinois, Goka was jailed at Stateville in 1983. Defendants Paul Bobbitt, Carl Jordan, Bobby Parker and Travis Wheaton were guards of various rank, all assigned to Unit B East, where Goka lived. Defendant Michael O'Leary was then assistant warden and Richard DeRobertis was warden at Stateville. Gregory Williams, a member of the "Vice Lords" gang, was an inmate assigned to a cell next to Goka's in Unit B East.

Several times through the summer of 1983, Williams harassed, threatened and

---

1. The facts set forth below are those alleged in the proposed amended complaint. Where, as here, the defendant opposes amendment because of purported substantive deficiencies, the Court should evaluate the complaint under the familiar standards of Fed.R.Civ.P. 12(b)(6). 3 J. Moore, J.D. Lucas, *Moore's Federal Practice*, § 15.08[4] (1985) at 15-109. Accordingly, below we take as true the complaint's allegations, *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir.1984). When we assess the sufficiency of the allegations, we cannot dismiss the amended complaint unless it appears that Goka can prove no set of facts in support of his claims which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

assaulted Goka. Goka reported these incidents orally and in writing to guards Bobbitt and Jordan and demanded protection. On September 23, 1983, when Goka was assigned to clean up the area near Williams' cell, Williams left his cell (it was unlocked) and struck plaintiff in the eye with a broom handle. Until just before the incident, Williams had been assigned to clean-up duty and was allowed to keep a broom in his cell. At the time, a "tool control policy" was in force at Stateville. The policy prohibited the storage of tools and other such equipment anywhere other than a locked, designated storage area when not in use.

Goka alleges in Count I that Jordan and Bobbitt knew that Williams had the broom handle in his cell, despite the tool control policy and despite their awareness of Williams' previous threats and assaults on Goka. They are allegedly subject to liability under § 1983 [2] because of their intentional or reckless disregard for Goka's safety. Count II also names Jordan and Bobbitt, alleging common law negligence. Counts III and IV name all defendants, including the supervisors, alleging violation of § 1983. Count III says that Stateville officials regularly let inmates keep brooms in their cells, even though the tool control policy forbade such laxness. The defendants allegedly knew or "recklessly failed to learn" that the tool control policy was not being enforced and, as such, recklessly disregarded the safety of Goka and others. Goka alleges that the failure to enforce the policy proximately caused his injury. Count IV states a claim based on common law negligence.

## II. *Sufficiency of the Eighth Amendment Claims*

▮ A prison inmate is entitled under the Eighth Amendment to be free from an unreasonable risk of harm inflicted by other inmates. *Watts v. Laurent,* 774 F.2d 168, 172 (7th Cir.1985); *Little v. Walker,* 552 F.2d 193, 197 (7th Cir.1977), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978); *Larry v. Lane,* No. 83 C 0660, slip op. at 2 (N.D.Ill. Nov. 2, 1983) (Aspen, J.). The cases defining the standard of official liability for inmate-on-inmate violence use slightly different rhetoric but articulate essentially the same standard: While it is impossible to provide a violence free climate in prison, and while mere inadvertence or negligence does not offend the Eighth Amendment, *see, e.g., Watts,* 774 F.2d at 172, a prisoner may recover where the "risk of ... assault was a serious problem of substantial dimensions," *Withers v. Levine,* 615 F.2d 158, 161 (4th Cir.), *cert. denied,* 449 U.S. 849, 101 S.Ct. 136, 66 L.Ed.2d 59 (1980); *see also Jones v. Diamond,* 636 F.2d 1364, 1373 (5th Cir.1981), where there exists among the officials "deliberate indifference" to the safety of the inmate, *Little v. Walker,* 552 F.2d 193, 197 (7th Cir.1977), *cert. denied,* 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978), or where prison officials fail to take reasonable steps to prevent a "pervasive" risk of harm, *Massey v. Smith,* 555 F.Supp. 743, 747 (N.D.Ind. 1983).

▮ Under any of the above formulations, it is clear that Counts I and III of the amended complaint state a § 1983 claim at least against defendants Bobbitt and Jordan.[3] They knew of the risk Williams posed to Goka and of the tool control policy, yet they let Williams have a broom handle. These allegations, if proved, would constitute just the "callous indifference" to Goka's safety that the Eighth Amendment protects against. *See, e.g., Watts,* 774 F.2d at 172 (failure to protect an inmate even on one occasion can be actionable if guard should have realized that attack was likely). However, the supervisory defendants argue that they did not know that an attack might occur. They say that Goka is trying to pin vicarious liability on them, which is forbidden under § 1983. We disagree.

---

**2.** Goka alleges a violation of his Eighth and Fourteenth Amendment rights.

**3.** Indeed, defendants' motion does not attack Count I, which names only Jordan and Bobbitt.

■ The supervisors are correct that liability under § 1983 requires the showing of a direct, personal responsibility on their part for acts and omissions that deprived the inmate of his rights. *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir.1982); *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). That is, Goka must affirmatively link the supervisors' acts or omissions to the conduct which caused the violation. *See Rizzo v. Goode*, 423 U.S. 362, 373–77, 96 S.Ct. 598, 605–07, 46 L.Ed.2d 561 (1976). In addition, the acts and omissions of the supervisors must have been intentional or reckless. *See, e.g., Smith v. Rowe*, 761 F.2d 360 (7th Cir.1985). Negligent acts are not sufficient to support liability under the Eighth Amendment. *See, e.g., Watts v. Laurent*, 744 F.2d at 172. We think that Goka's allegations concerning the supervisors satisfy the above principles under the liberal federal pleading standards of *Conley* and *Hishon*.

■ The amended complaint alleges more than an isolated attack by one inmate on another. It alleges a systemic failure to enforce the tool control policy and a link between this failure and Goka's injuries. It alleges that the supervisors either knew or "recklessly failed to learn about" this lax enforcement.[4] These acts, if true, state a claim for relief, as they constituted "deliberate indifference" to inmate safety and created a climate where attacks were likely. Of course, it remains for Goka to prove these facts. If the supervisors actually knew of a systemic lapse in enforcement, they would be liable under the principles in the preceding paragraph. But Goka might have a harder time establishing what he calls a "reckless failure to learn" about the lack of enforcement. Unless attacks with tools had been happening a few times already, it is hard to see how the supervisors were *reckless* in "failing to learn" about the lapses of their underlings. Perhaps this omission was negligent, but that level of culpability does not rise to an Eighth Amendment violation. We need not delve further into this issue now. Given Goka's allegation that the supervisors actually knew about the failure to enforce the tool control policy, we are satisfied that he has stated a claim against them.

In sum, then, defendants' attack on the amended complaint as failing to state a claim is rejected.

### III. *Pendent State Law Negligence Claims in Counts II and IV*

■ The second issue raised by the defendants is whether the state law negligence claims, appearing for the first time in the amended complaint, run afoul of the Eleventh Amendment. Defendants' attack on these counts begins with the general principle that the Eleventh Amendment bars suits in federal court against a state by citizens of the same state.[5] *Edelman v.*

---

4. In these respects, defendants mistakenly rely upon *United States ex rel. Miller v. Twomey*, 479 F.2d 701 (7th Cir.1973), *cert. denied sub nom., Gutierrez v. Dept. of Public Safety*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 102 (1976). In *Miller* the plaintiff alleged that the prison officials negligently let an inmate with a history of violence enter a room where baseball bats were stored. The violent inmate beat plaintiff with a bat, but the Court held that no Eighth Amendment claim was stated because the defendants were merely negligent. In this case, more than negligence is alleged, as defendants supposedly failed generally to enforce the tool control policy and knew of this failure. This failure created a climate where violence was likely and thus, if proved, constituted deliberate rather than merely careless indifference to inmate safety.

5. The Eleventh Amendment states:
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign state.

Although the language of the amendment reaches only suits against a state brought by a citizen of another state, the Supreme Court has read the amendment to include a suit brought by a citizen against his own state. *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). This holding has been criticized, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 125–26, 104 S.Ct. 900, 921–22, 79 L.Ed.2d 67 (1984) (Brennan, J., dissenting); *Grove School v. Guardianship and Advocacy Comm'n*, 596 F.Supp. 1361, 1367 n. 10 (N.D.Ill. 1984) (Shadur, J.); Field, *The Eleventh Amendment and Other Sovereign Immunity Doctrines: Part One*, 126 U.Pa.L.Rev. 515, 538–40 (1978), and while the criticisms have some force, *Hans* still has the force of law and it binds this Court.

*Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). A suit can be characterized as one against the state if a judgment would "expend itself on the public treasury or domain, or interfere with the public administration," or "restrain the government from acting or compel it to act." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963). The "crucial" issue in this inquiry, as defendants have termed it, is whether the defendants are the equivalent of the state for Eleventh Amendment purposes. As defendants point out, if the state is the real party against whom relief is sought, *see, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), then the Eleventh Amendment would force this Court to deny pendent jurisdiction over the state law negligence claims.

It is clear that the defendants in this case are not identical to the state for Eleventh Amendment purposes. The foundation for the defendants' theory is that public funds will probably eventually satisfy any judgment against the defendants. If Goka wins, defendants will likely enjoy a right to indemnification under Ill.Rev.Stat. ch. 127, ¶ 1302(a) (1983). This statute guarantees that the state will defend and, if necessary, indemnify state employees in suits alleging "deprivation of a civil or constitutional right and arising out of any act or omission occurring within the scope of the employee's state employment." *Id.* If the employee's misconduct is willful, wanton or intentional, or the misconduct was not within the scope of employment, the state is not obligated to defend, reimburse or indemnify the defendant. Given this proviso and the allegations of the complaint, it is by no means certain that the state will indemnify defendants. But even if we assume that the defendants qualify under the indemnity statutes, the theory that such indemnity makes the state the real party of interest in a suit against its employees is flawed and has been rejected by several courts. *See Wilson v. Beebe,* 770 F.2d 578, 588 (6th Cir.1985) (en banc); *Rubacha v. Coler,* 607 F.Supp. 477, 480–81 (N.D.Ill.1985) (Shadur,

J.); *McAdoo v. Lane,* 564 F.Supp. 1215 (N.D.Ill.1983) (Marshall, J.), *aff'd without opinion,* 774 F.2d 1168 (7th Cir.1985). Judge Marshall succinctly stated the reasons in *McAdoo:*

> Plaintiff seeks to hold defendants liable for their personal conduct only; no judgment is sought against the state. The Illinois indemnity statute does not alter this conclusion. The statute represents a voluntary decision by Illinois to indemnify defendants. If plaintiffs obtain a judgment against defendants, under the eleventh amendment that judgment will bind defendants only. The eleventh amendment requires only that nothing in this court's judgment compel the state to pay the judgment. If defendants seek to compel the state to indemnify them, they will have to file a separate action in state court; nothing in our judgment would bind the state. Since the indemnity statute is enforceable against the state if at all in state court, and since our judgment will in no way compel the state to indemnify plaintiffs, this action is not against the state within the meaning of the eleventh amendment; it is brought only against named individuals and hence is not barred by the amendment. Every court to consider the effect of such indemnity statutes under the eleventh amendment has reached the same conclusion.

564 F.Supp. at 1219 (citations omitted). Judge Shadur expanded on this argument in *Rubacha:*

> To hold otherwise would give the State carte blanche to provide a meaningless kind of paper protection—granting an "indemnification" that would, by its very existence, destroy the liability to which the indemnity purportedly extends. That would cost the State nothing, and it would unconscionably insulate State employees from all liability for their tortious and unconstitutional actions. After all, the Eleventh Amendment was designed to protect sovereign States, not individual citizens.

607 F.Supp. at 481; *accord Wilson,* 770 F.2d at 588. The logic of *McAdoo* applies to Goka's state law claims as strongly as it did to the federal claims of that case. *Rubacha,* 607 F.Supp. at 481–82. Nothing in *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 800, 79 L.Ed.2d 67 (1984), commands a contrary result. *See Wilson,* 770 F.2d at 588; *Terry v. Burke,* 589 F.Supp. 853, 855–56 (N.D.Ill. 1984) (Marshall, J.); *Rubacka,* 607 F.Supp. at 481–82. In sum, we hold that the Eleventh Amendment does not bar Goka's negligence claims.

■ We also reject defendants' claim that Illinois' own law of sovereign immunity confers exclusive jurisdiction of the negligence claims upon the Illinois Court of Claims. That act confers suits against the *state* to the Court of Claims. Ill.Rev.Stat. ch. 37, § 439.8 (1983). As we held earlier, this is a suit against state *employees,* not the state, since damages are only sought from them for their own negligence. This is proper under Illinois law as well as the Eleventh Amendment. *See Hemphill v. Sayers,* 552 F.Supp. 685, 688 (S.D.Ill.1982); *cf. Bartholomew v. Crockett,* 131 Ill. App.3d 456, 462, 86 Ill.Dec. 656, 660, 475 N.E.2d 1035, 1039 (1st Dist.1985); *Madden v. Kuehn,* 56 Ill.App.3d 997, 1000–01, 14 Ill.Dec. 852, 854–55, 372 N.E.2d 1131, 1133–34 (2d Dist.1978). As in the Eleventh Amendment context, the state cannot extend the mantle of sovereign immunity over an individual's conduct by voluntarily indemnifying them.

### Conclusion

Plaintiff has made a strong enough showing—to avoid dismissal of Count III—that defendants' actions were made with reckless disregard for his safety. Also, the pendent negligence claims in Counts II and IV are not barred by the Eleventh Amendment.[6] Permission to amend the complaint is therefore granted, and the *de facto* motion to dismiss Counts II, III and IV as amended is denied. It is so ordered.

---

6. We have examined defendants' remaining arguments and determined that they lack merit.